NUDD v. BURNETT.

The Courts will not aid a party to rescind or annul an executed illegal contract.

APPEAL from the *Wayne* Court of Common Pleas.

HANNA, J.—*Nudd* brought suit and obtained judgment, before a justice of the peace, for 75 dollars, the value of a horse. *Burnett* appealed to the Common Pleas, where he had verdict and judgment in his favor. It appears that the plaintiffs offered a witness to prove "his case," &c., when, before he had given his testimony, the defendant interposed, and asked him whether a note shown him contained the contract between the parties in regard to said horse, which interrogatory was answered by the witness in the affirmative. The Court thereupon refused to hear any "evidence contradicting or varying the note," and would not admit evidence offered to prove that on the day of the execution of the note, the defendant took, and has since held, possession of the horse, refused to pay the note or return the horse upon demand made and tender of the note, &c., and the value of said horse, &c.

The note in question is as follows:

"On or before the 25th day of *December* next, we, or either of us, promise to pay to *Edward C. Nudd*, or order, one hundred and fifty dollars, if *James Buchanan* is the next president of the *United States;* and if he is not the next president, then this note is null and void.

"$150. For value received this 5th day of *September*, 1856." Signed by the defendant and another.

The errors assigned are in reference to the rulings of the Court in rejecting the evidence offered, &c.

The plaintiff contends that if the contract shown by the note was illegal, he had a right to repudiate it and sue for and recover the horse for which the note was given, or the value thereof. The other party insists that the contract was illegal; that the Court will not lend its aid to enforce

Nov. Term, 1859.

it, or grant any relief, &c., but will leave the parties where they have placed themselves.

We are inclined to the latter view of the case. Here the contract, upon the part of the plaintiff, was executed; that contract was illegal; and the Court should not be made an instrument, in his hands, to enable him to rescind or set at naught such contract, after he has so executed it. This differs from a suit against a stakeholder in this, that in the latter class of cases, the party repudiates before the contract is executed by the delivery, &c., to the other contracting party.

*Per Curiam.*—The judgment is affirmed with costs.

*N. H. Johnson*, *M. Wilson*, and *L. Develin*, for the appellant.

*B. F. Claypool*, for the appellee.