## KYSER *v.* WELLS.

SPECIAL FINDING.—A special finding by the court, not made at the request of a party, amounts only to a general finding.

PRINCIPAL AND AGENT.—*Money Received by Sub-Agent for use of Principal.— Action for.—Ratification.—Demand.—Evidence.*—The owner, by delivery, of an unendorsed promissory note payable to another, delivered the same for collection to an agent, who, without the knowledge or consent of the owner, delivered the same for collection to a third person, who received and collected the same as the property of the payee, without knowledge of the rights of such owner.  On the trial of an action by such owner, against such third person, to recover the money so collected by the defendant, wherein the complaint alleged a demand and refusal, the evidence established that the plaintiff, being the owner, by delivery, of an unendorsed promissory note payable to another, delivered the same to an agent for collection; that such agent, without the plaintiff's knowledge or consent, delivered the same, for collection, to the defendant, without informing him as to the plaintiff's ownership thereof; that the defendant received and collected the same, and used the proceeds, believing it to be

the property of the payee; and that another agent of the plaintiff, without informing the defendant of his agency or of the plaintiff's rights, demanded of the defendant a settlement.

*Held,* that the plaintiff, by suing the defendant, ratified the act of her agent in placing such note in the defendant's hands.

*Held,* also, that a demand was necessary; and that a finding, that none was properly made, will not be disturbed, where the evidence in relation. thereto is conflicting.

*Held,* also, that, under the averment of the complaint, that demand had been made and refused, evidence of a conversion by the defendant could not be given as an excuse for making no demand.

PRACTICE.—*Supreme Court.—New Trial.*—No question can be made in the Supreme Court, on appeal, on matter which is only cause for a new trial, but which has not been set out in a motion therefor.

From the Jennings Circuit Court.

*J. D. New, T. C. Batchelor* and *W. Dixon,* for appellant.

*J. Overmyer,* for appellee.

NIBLACK, J.—The complaint in this case was as follows.:

"Hannah Kyser, plaintiff, complains of Abraham Wells, defendant, and says, that, on the —— day of October, A. D. 1870, said defendant received from one David A. Fish the sum of two hundred and seventy-five dollars, to be paid to plaintiff, which sum, upon the demand of the plaintiff, the defendant, on the —— day of ——, A. D. 1871, refused, and still refuses, to pay plaintiff. Said money was, when received by said defendant, and ever since has been, the separate property of plaintiff. Wherefore plaintiff demands judgment for said sum of two hundred and seventy-five dollars, with interest thereon since the date of the demand aforesaid."

The cause was tried by the court, on the general denial of the defendant.

In announcing its finding the court said, the court "finds for the defendant, for the reason that the evidence failed to show that a demand was made by the plaintiff, or any person for her authorized to make the demand, before the suit was instituted, and for no other reason."

After considering and overruling a motion for a new trial, the court rendered judgment for the defendant.

The only error assigned here is upon the overruling of the motion for a new trial.

The plaintiff, who was a married woman, testified on the trial, that, about the year 1866, her father, Isaac Hall, since deceased, gave her a note on one David A. Fish for the sum of three hundred dollars, dated the 6th day of January, 1854, and payable one day after date to him, the said Isaac Hall, with the intention of transferring the property in said note to her, delivering the same to her without endorsement; that some time afterward—perhaps eight or nine months— she gave the note to one Merrit Walton, her nephew, and the grandson of her father, for collection, promising to give him one-half, if he would collect the note for her; that it was a good while afterward before she found out what had become of the note, and did not know in the mean time what Merrit Walton had done with it; that Merrit Walton had some time previously removed to Kansas.

The defendant, who was first called as a witness by the plaintiff, testified, that about the year 1869, Merrit Walton brought the note to him to get him to collect it, speaking of the note as if it were the property of his grandfather, Isaac Hall, and not, as he remembered, mentioning the plaintiff's name in connection with it; that he, the defendant, was willing to take the note for collection, if he, Walton, would get an agreement or power of attorney from his grandfather, authorizing him to collect it; that the said Merrit Walton returned not long afterward with a power of attorney from his grandfather, and gave it and the note to him, the defendant; and that it was further agreed with said Walton, that if he, the defendant, should collect the note, he should not be required to account for the money before May, 1873; that, in a year or two afterward, he collected of the said Fish the sum of two hundred and seventy-five dollars on the note; that he had not, he thought, at the commence-

ment of the suit, the identical money on hand which he had collected, and that he did not know precisely what had become of the identical money thus collected of Fish; that the plaintiff had never demanded the money of him; that he had told Isaiah Walton, the father of Merrit Walton, that he would not settle with the plaintiff, and did not know that the plaintiff had ever sought to settle with him.

Isaiah Walton testified, that some time before this suit was brought, his son, Merrit Walton, wrote to him, requesting him to see the defendant and try and get a settlement with him in regard to the money collected from Fish, and that, if he could not get the money, to take a note in his, Merrit Walton's, name; that he, witness, went to see defendant on the subject, but defendant refused to settle with said Merrit Walton on any of the terms proposed; that, a short time before this suit was brought, he, witness, went again to the defendant and proposed that he, defendant, should give his note to the plaintiff, but that the defendant declined to do so; that, at the time, he was acting in the interest of the plaintiff, but did not tell the defendant that he was authorized to act for her, nor that he was acting for her; that he had not previously seen the plaintiff on the subject.

The finding in this case, not being requested by either of the parties to be made special, can only be considered a general finding for the defendant. *Weston* v. *Johnson*, 48 Ind. 1; *Shane* v. *Lowry*, 48 Ind. 205.

We concur, however, in the same view which the court below seemed to take of this case on the evidence; that is, that the case was very fairly made out for the plaintiff, except as to the alleged demand, and hence we have only set out, in any thing like detail, so much of the evidence as related to the demand.

The appellant argues, that, as the note on Fish was not placed in the hands of the defendant by her authority, he

Kyser *v.* Wells.

was not her agent, and that, for that reason, it was not necessary to prove a demand upon him for the money collected on the note. But we can not agree to such a conclusion. Upon the statements made by the plaintiff in her testimony, she might have repudiated the arrangement made by Merrit Walton, with the defendant, for the collection of the note, and have looked to said Walton alone for the proceeds of the note when collected; but, having elected to proceed against the defendant, as she clearly had a right to do, she ratified the act of said Walton in placing the note in the defendant's hands, and recognized the defendant as her agent in the collection of the note. It was, therefore, incumbent on her to show, on the trial, a proper demand upon the defendant, before bringing the suit.

The evidence being conflicting on the subject of the demand, and the court having found for the defendant, we can not disturb the finding, on the evidence.

The appellant also argues, that the testimony of the defendant showed a conversion of the money collected by him on the note, and that the conversion thus shown excused a demand for the money.

It must, however, be borne in mind that it was a demand, and not an excuse for a demand, that was alleged in the complaint. Evidence, therefore, tending to show an excuse for a demand did not support any allegation in the complaint.

Some questions are made upon certain rulings of the court upon the admission of some of the testimony introduced by the defendant on the trial; but, as those rulings were not assigned as causes for a new trial, we can not consider them here.

The judgment is affirmed, at the costs of the appellant.