The State, *ex rel.* Buskirk, Attorney General, *v.* Sims.

No. 7280.

THE STATE, EX REL. BUSKIRK, ATTORNEY GENERAL, *v.* SIMS.

PLEADING.—*Money Had and Received.—Bill of Particulars.*—In an action for the recovery of money, where the complaint alleges that the money was had and received for the use of the plaintiff, no bill of particulars thereof is necessary.

SAME.—*Complaint.*—In such action, an allegation in the complaint, that the money was received from the plaintiff by the defendant at the special instance and request of the latter, is insufficient to show an indebtedness or a cause of action in favor of the plaintiff.

SAME. —*Exhibit. —Variance.— Demurrer.* —Where the bill of particulars filed with the complaint, in an action for money had and received, shows an indebtedness for money collected from another, the complaint is insufficient on demurrer.

SAME.—*Presumption.—Demand.*—In the absence of anything to the contrary, it will be presumed that "money collected" was lawfully collected, and, if so, can not be recovered without a demand.

SAME.— *Money Rightfully Collected.*—1n an action for the recovery of money collected by authority, unless wrongfully converted, a demand must be alleged and proved.

SCHOOL LAW.—*Common School Fund. —Desperate Claim. —Contract.*— The State Superintendent of Public Instruction and the State Auditor are authorized by law to employ an attorney to collect a desperate claim due the common school fund of the State, and their contract in this behalf is the contract of the State.

CONTRACT.—*Champerty.—Executed Contract.*—Where a contract is void for champerty, or for violation of law, it can not while executory be enforced by either party thereto; but where such a contract has been executed, and money received in pursuance thereof, no action will lie to recover back the money so paid.

From the Carroll Circuit Court.

*T. W. Woollen,* Attorney General, and *R. Gregory,* for the State.

*C. R. Pollard,* for appellee.

BICKNELL, C. C.—The appellant filed a complaint against the appellee, in three paragraphs. To each of them a demurrer was sustained. Judgment was rendered thereupon against the appellant. He assigns for error the sustaining of said demurrers. In his brief he admits that the demurrer to the second paragraph of the complaint was rightly sus-

tained. The first paragraph was that the appellee is indebted to the appellant in the sum of $15,807.50, "for money had and received of the appellant at his special instance and request," as shown by an annexed bill of particulars, which is made part of the complaint, which sum, with interest, is due and unpaid. Wherefore, etc.

The bill of particulars is as follows:

"Joseph A. Sims to the State of Indiana, for the use and benefit of her common school fund,						*Dr.*

To money collected from Samuel Grimes' estate,

| | | | | | |
|---|---|---|---|---|---|
| in Carroll county, | - | - | - | - | $8,254 00 |
| Interest on same, | - | - | - | - | 3,571 68 |
| To money collected from Samuel Grimes' estate, | | | | | 2,945 00 |
| Interest on same, | - | - | - | - | 1,500 00 |
| Total, | - | - | - | - | $16,270 68 |

It is not alleged in the complaint, that the money was had and received for the use of the appellant. If it were, no bill of particulars would be necessary. *Spears* v. *Ward*, 48 Ind. 541. The statement is, that the money was received from the appellant by the appellee at the special instance and request of the appellee. That alone would not create any indebtedness, and does not show a cause of action. The bill of particulars, instead of aiding the complaint, states an entirely different matter, viz., an indebtedness for money collected from another. Where the exhibit contradicts the complaint, a demurrer will be sustained. *Gilmore* v. *The Board, etc.*, 35 Ind. 344. In the absence of any statement to the contrary, the presumption is that "money collected" was lawfully collected. If so, it could not be recovered without a demand, and this paragraph fails to allege a demand. *Black* v. *Hersch*, 18 Ind. 342. There was no error in sustaining the demurrer to the first paragraph of the complaint.

The third paragraph states a special contract, executed by

the appellee of the one part and the Superintendent of Public Instruction and the Auditor of State of the other part, as follows :

"INDIANAPOLIS, January 10th, 1868.

"Whereas Samuel Grimes, of Carroll county, Indiana, in 1838, was appointed agent of the surplus revenue fund of said county, and became a defaulter to said fund ; and whereas no suit has ever been brought, or judgment obtained, against him for the money unaccounted for in his hands ; and whereas the said claim has by lapse of time become, in the opinion of the State, desperate ; and whereas said county of Carroll is not liable to refund to the State, or her school fund, the money so lost by her agent Samuel Grimes ; the State, in view of the nature of said claim and the premises, has, by G. W. Hoss, Superintendent of Public Instruction, and Thomas B. McCarty, Auditor of State, employed J. A. Sims, of Carroll county, Indiana, to prosecute said claim against the estate of said Samuel Grimes upon the following terms, to wit : Said Sims to prosecute said claim against said estate at his own cost, and without cost to the State of Indiana, for the benefit of the common school fund, the sum of seven hundred dollars, which is to be in full satisfaction for all moneys received by him on said claim, and the residue of said claim is to be received by said Sims as a compensation for his services herein. Said J. A. Sims is to pay all costs and expenses of every kind made and accruing by reason of the prosecution of said claim ; the State agrees to furnish whatever record evidence pertaining to said claim that may be in her possession without costs ; said Sims is hereby authorized to demand and receipt for said claim and execute all proper acquittances therefor, and said Sims is further authorized and empowered to compromise or settle said claim upon such terms as he may deem proper, but in no event is he to reduce the interest of the

State in said claim below the said sum of seven hundred dollars. In testimony whereof, we set our hands.

"GEORGE W. HOSS,
"Supt. Public Instruction.

{ SEAL STATE BOARD
EDUCATION, INDIANA. }

"T. B. McCARTY,
"Auditor of State.

"J. A. SIMS."

The complaint alleges that said surplus revenue fund is a. part of the school fund of the State; that said contract was illegal and not binding on the State; that the constitution of the State declares that the principal of the school fund. shall never be diminished, yet the appellee, under said con- tract, has collected large sums of money and has failed and refused to pay any part thereof to the State, except the sum which, by the terms of the said contract, he was bound to pay, and has appropriated all the remainder to his own use. Wherefore, etc.

Here the Superintendent of Public Instruction and the Auditor of State jointly employed an attorney to collect a desperate debt due and unpaid for many years. The author- ity of the Superintendent in this respect is found in section 126 of the common school act, 1 R. S. 1876, p. 808, which declares that as to the school funds and revenues, he shall "cause to be instituted, in the name of the State of Indiana, for the use of the proper fund or revenues, all suits neces- sary for the recovery of any portion of said funds or revenues." The authority of the State Auditor is found in 1 R. S. 1876, p. 157, sec. 2, clauses 6 and 7, which are: "He shall:

"Sixth. Institute and prosecute, in the name of the State, all proper suits for the recovery of any debts, moneys or property of the State, or for the ascertainment of any right or liability concerning the same.

"Seventh. Direct and superintend the collection of all moneys due to the State, and employ counsel to prosecute suits instituted at his instance, on behalf of the State."

Under the foregoing statutes, the superintendent and the auditor were authorized to employ an attorney to collect the desperate debt mentioned in the complaint. This contract, in that behalf, was the contract of the State; but, where a contract is void for champerty, or void because it violates law, neither party can enforce it while it remains executory. *Scobey* v. *Ross*, 13 Ind. 117; *Coquillard* v. *Bearss*, 21 Ind. 479; *Lafferty* v. *Jelley*, 22 Ind. 471; *Dumont* v. *Dufore*, 27 Ind. 263; *In re Masters*, 4 Dowl. P. C. 18; *Ex parte Yeatman*, 4 Dowl. P. C. 304, 310; *Wetherill* v. *Jones*, 3 B. & Ad. 221; *Bartlett* v. *Vinor*, Carthew, 251. Where, however, such a contract has been executed, and money has been received in pursuance of it, no action will lie to recover that money back again. *M'Kinnell* v. *Robinson*, 3 M. & W. 434; *Howson* v. *Hancock*, 8 T. R. 575; *Browning* v. *Morris*, Cowp. 790; *Lubbock* v. *Potts*, 7 East, 449; *Nudd* v. *Burnett*, 14 Ind. 25; *Davis* v. *Leonard*, 69 Ind. 213.

But, further, the State having authorized the collection of the money in controversy by the appellee, it could not be recovered, even if the State were entitled to it, without a demand alleged and proved, or else a wrongful conversion. *Black* v. *Hersch*, *supra*; *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156; *Heddens* v. *Younglove*, *Massey & Co.*, 46 Ind. 212; *Kyser* v. *Wells*, 60 Ind. 261. The third paragraph of the complaint contains neither of these allegations.

There was no error in the ruling of the court below thereupon. We are not called upon to decide the question as to the ultimate liability of the appellee to the State, upon a proper complaint. The judgment of the court below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.