Specht v. Beindorf.

CHRISTIAN SPECHT V. CHARLES F. BEINDORF ET AL.,
EXECUTORS.

FILED NOVEMBER 3, 1898.    No. 8417.

1. **Notes: Conditions: Indorsements.** A condition or memorandum written in or indorsed on a promissory note by the maker prior to its delivery is a substantive part of such note.

2. ————: **Time of Payment: Negotiability.** A contract for the payment of money, to be negotiable, must, among other things, be payable at some time or other, though it may be uncertain when that time will arrive.

3. ————: ————: ————. A promissory note reading, "six months after date, if elected county commissioner, I promise to pay," etc., is not a negotiable instrument.

4. ————: ————: **Wager: Public Policy.** Such a note is a contract of wager on the result of an election. Its enforcement would tend to the detriment of the public good, and on grounds of public policy it is *held* to be absolutely void.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.  *Affirmed.*

*John Q. Burgner* and *Connell & Ives,* for plaintiff in error.

*Lee S. Estelle, contra.*

RAGAN, C.

Christian Specht, claiming to be an innocent purchaser before due of a promissory note executed by one George E. Timme to W. R. Vaughan, brought suit thereon in the district court of Douglas county. Pending the action Timme died, and the same was revived in the name of his executors, who had a judgment, to review which Specht has filed in this court a petition in error. The note sued on was in words and figures as follows:

"$500.00.                    OMAHA, NEB., Oct. 15, 1890.

"Six months after date we, or either of us, promise to pay to W. R. Vaughan, or order, the sum of five hundred dollars, for value received, payable at the Nebraska National Bank, Omaha, Nebraska, with interest at the rate

of ten per cent per annum from date until paid. And in case of a suit brought to collect this note I will also pay the plaintiff therein a reasonable sum, not exceeding ten per cent, to be fixed by the court, as attorney's fees, if elected county commissioner. GEORGE E. TIMME."

1. The portion of this contract in reference to its being paid if the maker should be elected county commissioner and promising to pay an attorney's fee if suit should be brought upon the note is a substantive part of the agreement, and the whole writing must be read and construed together as one contract, since the entire writing was made and delivered at the same time. (*Palmer v. Largent*, 5 Neb. 223; *Polo Mfg. Co. v. Parr*, 8 Neb. 379; *Grimison v. Russell*, 14 Neb. 521.)

2. The meaning of this contract is the same as if it read: "Six months after date, if elected county commissioner, I promise to pay, etc." In other words, while this is a contract for the payment of a certain sum of money, it is not · by its terms payable at any certain time. Whether the maker of this note would be elected county commissioner was uncertain, and therefore it was uncertain whether this money would ever become payable, and therefore this contract was not a negotiable instrument. To make a contract for the payment of money negotiable it must, among other things, be payable at some time or other, though it may be uncertain when that time will come. Doubtless a note payable on the maker's death might be negotiable, because it is certain that he will at some time die; while a note payable when the maker should be married would be non-negotiable, for the reason that it is not absolutely certain that he ever will be married. But here by the terms of this note it was to be payable when the maker was elected county commissioner. This clause then deprives the instrument of a negotiable character. (*Kelley v. Hemmingway*, 13 Ill. 604; *White v. Smith*, 77 Ill. 351; *Smalley v. Edey*, 15 Ill. 324; *Chicago R. Co. v. Merchants Bank*, 136 U. S. 268; *Mahoney v. Fitzpatrick*, 133 Mass. 151.)

3. The note in suit was a conditional contract for the payment of money, the condition being that the maker should be elected county commissioner. We think this contract is a wager or a gambling contract and as such void. In *Cooper v. Brewster*, 1 Minn. 73, a note was payable when H. H. Sibley should be elected delegate to congress. The note purported on its face to have been given for value received, but the court said: "It was in effect· a wager upon an election. It was given for value re-· ceived. * * * If Sibley was elected then Buford was to receive, and Cooper to part with, one hundred dollars. Each of the parties thus acquired a pecuniary interest in the event of the election and a motive to cast his own vote and procure others to cast theirs, for his private benefit, without regard to the public good. Such a contract should not be upheld. It is against public morals, and tends directly to destroy the purity of elections. No man should be permitted to convert the elective franchise into a device for gambling. It is a sacred trust confided to him by his country which he is bound to exercise in such a way only as, in his judgment, will contribute most to his country's welfare." (*Da Costa v. Jones*, 2 Cowp. [Eng.] 729; *Ditchburn v. Goldsmith*, 4 Cowp. [Eng.] 152.) To the same effect is *Guyman v. Burlingame*, 36 Ill. 201; *Nudd v. Burnett*, 14 Ind. 25; *Merchants Savings Loan & Trust Co. v. Goodrich*, 75 Ill. 554. Section 223 of the Criminal Code of this state makes the betting on the result of any election a criminal misdemeanor punishable by fine. Whether or not the note in suit is void because of the existence of this statute we shall not stop to inquire, as we think the contract is contrary to public policy and void upon that ground. It is true that at common law all wagers were not void; but at common law an action could not be maintained on a wager, if it was contrary to public policy or morals or in any other respect tended to the detriment of the public good. (Chitty, Contracts [10th Am. ed.] 544.)

To make the contract in suit a gambling one or a con-

tract of wager it is not essential that it should appear on the face of the contract or be shown by extrinsic evidence that one of these parties bet that Timme would be elected county commissioner. But since it appears on the face of the contract that a certain sum of money mentioned therein was to be paid to one of the parties to the contract on the election of Timme to office, the agreement upon its face became a wagering contract, and as such is against public policy, and no right of action can be based thereon. The judgment of the district court is

AFFIRMED.