## HENBY v. CALDWELL, ADMINISTRATOR.

[No. 10,416. Filed December 8, 1920.]

1. SALES.—*Sales by Agents.—Agent Acting on Own Account.—Principal and Agent.*—In an action for money had and received by a buyer against a nurseryman, on account of dead stock delivered including grape vine cuttings procured from another nursery, evidence *held* insufficient to sustain special findings relative to the sale of the grape vine cuttings by defendant nurseryman and his receipt of $700 therefor, the evidence tending to show that in selling the vines the defendant nursery-

man's agents acted on their own account and deceived plaintiff as to the nursery from which the cuttings were to be obtained, there being no evidence that the nurseryman received the money therefor or knew of or ratified the transaction, or dealt in the stock of other nurseries. p. 305.

2. MONEY RECEIVED.—*Formal and Particular Averments.—Pleading.*—Where a complaint for money had and received contains specific allegations showing that the defendant is not entitled to the money for which the suit is brought, the formal averment that the money was received by defendant for the use and benefit of plaintiff becomes unnecessary. p. 307.

3. MONEY RECEIVED.—*Formal and Particular Averments.—Without Consideration.—Pleading.*—A complaint for money had and received which merely avers that there was no consideration therefor, and which omits the formal allegation that the money was received by defendant for the use and benefit of plaintiff is insufficient, as money received as a gift is without consideration, but not the subject of recovery in such an action. p. 308.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by Anthony Shockey, continued after his death by the administrator of his estate, Ora Caldwell, against Elijah A. Henby and others. From a judgment for plaintiff, the named defendant appeals. *Reversed.*

*Joseph G. Leffler, Samuel A. Wray, Walter L. Ball* and *A. E. Needham,* for appellant.

*J. Paulus, George H. Koons* and *George H. Koons, Jr.,* for appellee.

BATMAN, J.—This action was commenced by appellee's decedent against Asa C. Murphy, Charles P. Duncan, John K. Henby, Elijah Henby and Bert Shockey for moneys had and received. The complaint on which the cause was finally tried consists of two paragraphs, designated as amended additional second paragraph, and amended additional third paragraph. Said second paragraph alleges in substance that the defendants are

indebted to the plaintiff for moneys obtained, had and received by the defendants from the plaintiff at their special instance and request, and for cash received by the defendants from the plaintiff for dead and worthless peach trees, apple trees, quince trees, pear trees, and grape vine cuttings, in the total sum of $991.40, a bill of particulars of which is filed therewith as "Exhibit B"; that prior to the commencement of this action, to wit, on August 20, 1910, the plaintiff demanded payment of said sum from each of the defendants, but they failed and refused to pay the same, or any part thereof, and have ever since so failed and refused, although often requested so to do; that said sum is now due the plaintiff from the defendants and wholly unpaid. Said third paragraph is substantially the same as said second paragraph, except that it alleges that the moneys so had and received by the defendants from the plaintiff were had and received "at the special instance and request of the defendants by the said Asa C. Murphy and Charles P. Duncan, as agents for and on behalf of said defendants, and without consideration," and makes no reference to any dead or worthless fruit trees or grape vine cuttings. This paragraph was accompanied by a bill of particulars of said moneys, marked "Exhibit C."

The defendants Murphy and Duncan were defaulted. Appellant and his codefendant, Henby, filed a demurrer to each of said paragraphs of complaint for want of sufficient facts, which was overruled, and thereupon they filed an answer in general denial. Other steps were taken in the formation of the issues which are not set out, as they were not involved in a determination of the questions presented on appeal.

On the trial of the cause the court, on request, made a special finding of facts and stated its conclusions of law thereon. By the former the court found in substance, among other things, that appellant was, in the year

1910, and for a long time prior thereto, and ever since has been the sole owner of the Pan Handle Nursery, located at Greenfield, Indiana, in which he grew and sold therefrom nursery products; that in said year appellant, operating said nursery, employed the defendants Murphy and Duncan as his agents and representatives for the sale of said nursery stock; that during said year plaintiff, who was about seventy-seven years of age, owned and occupied a farm of eighty acres in Grant county, Indiana, and has owned and occupied the same ever since; that in January of said year the defendants Murphy and Duncan, as the agents of appellant, sold to the plaintiff apple, peach, pear, quince and cherry trees, amounting to $1,068.49, and grape vine cuttings amounting to $700, all of which were paid for by the plaintiff; that said fruit trees were shipped from the Pan Handle Nursery, Greenfield, Indiana, in boxes directed to the plaintiff, which bore a tag showing that they had been so shipped, and that they had been inspected by the state entomologist; that on the reverse side of said tag was a list of the trees and vines sold by the Pan Handle Nursery, including all the trees and vines sold to the plaintiff by said Murphy and Duncan; that the grape vine cuttings so sold to plaintiff and received by him were shipped from the Roesch Nursery of Fredonia, New York; that the same were ordered from said nursery by said Murphy and Duncan as agents of appellant; that said fruit trees and grape vine cuttings were set out upon plaintiff's said land, under the superintendency of said Duncan, the agent of appellant, and in all respects according to his instructions; that the ground in which they were set out was good soil, adapted to the growing of such trees and cuttings, and was properly prepared therefor; that said fruit trees and grape vine cuttings, after being set out as aforesaid, received careful and proper attention from plaintiff, but did not

bear fruit or grow, that they were dead and worthless at the time of their delivery, and were of no value whatever to the plaintiff; that the plaintiff paid said Duncan, agent and representative of the Pan Handle Nursery, the sum of $991.40, for dead nursery stock, which was of no value to him, as follows: For peach, apple, quince, pear and cherry trees, the sum of $291.40, and for grape vine cuttings the sum of $700; that on August 20, 1910, the plaintiff mailed to appellant and the defendant John K. Henby a written demand for the moneys obtained from him for said dead and worthless fruit trees and grape vine cuttings; that said moneys, amounting to $991.40, were had and received from plaintiff by said defendants without any consideration, and are held by them for the use and benefit of plaintiff; that in the fall of 1910, after the filing of this suit, appellant, by his.agents and representatives, offered to replace all nursery stock so purchased that had died from any nursery selected by him in the United States without cost, and agreed to replace said grape vine cuttings by first grade two year old vines of such varieties as plaintiff desired, but he refused to permit appellant's said agents to replace said trees or grape vine cuttings. Upon the facts so found the court stated conclusions of law and rendered judgment in favor of the plaintiff and against appellant and his codefendants Duncan and Murphy for the sum of $1,422.66 and costs. Appellant alone filed a motion for a new trial, which was overruled, and is now prosecuting this appeal on an assignment of errors, which requires a consideration of the questions hereinafter determined.

We shall first consider appellant's contention that the court erred in overruling his motion for a new 1. trial. It is urged in support of this contention, among other things, that the special finding of

facts relating to the sale of the grape vine cuttings by appellant to appellee's decedent, and the receipt of $700 in payment thereof, is not sustained by sufficient evidence. There is no evidence whatever that appellant personally made such sale or received payment therefor. If he in fact made said sale and received such payment, it must have been because the relation of principal and agent existed between appellant and said Duncan and Murphy in the transactions relating thereto. The court found that appellant in the year 1910 was the owner of the Pan Handle Nursery, and grew therein and sold therefrom nursery products that in said year "he employed Charles P. Duncan and Asa C. Murphy as his agents and representatives for the sale of said nursery stock"; that in January of said year said Duncan and Murphy, as agents of appellant, sold appellee's decedent grape vine cuttings amounting to $700, for which he made full payment; that the grape vine cuttings so sold were ordered by said Duncan and Murphy, as agents of appellant, from the Roesch Nursery of Fredonia, New York, and were shipped therefrom. The fact that appellant was the sole owner of said Pan Handle Nursery in 1910, and that he grew and sold nursery products therefrom in said year, is not disputed. The finding that he employed said Duncan and Murphy as his agents to sell nursery stock therefrom is not established by any direct evidence, but we are of the opinion that there is a substantial basis for such an inference. However, we are unable to find any direct evidence, or the evidence of any facts, which afford a reasonable basis for inferring that said Duncan and Murphy had any authority to order said grape vine cuttings from a foreign nursery on behalf of appellant, and receive payment therefor on his account. The evidence does not tend to show that he was a broker in nursery stock, or that he dealt in any manner in the stock of other nurseries. It does

not tend to show that appellant personally received any part of the money which said decedent paid said Duncan. and Murphy for said grape vine cuttings, or that he knew of the transactions with reference thereto until a long time thereafter, or that he in any way ratified the same after ascertaining the facts. The evidence on the other hand tends strongly to show that said Duncan and Murphy were acting on their own account in making the sale of said grape vine cuttings, and deceived said decedent as to the nursery from which said cuttings were to be obtained. For the reasons stated we conclude that the special finding of facts relating to the sale of grape vine cuttings by appellant to appellee's decedent, and the receipt of $700 therefor, is not sustained by the evidence. Appellee, in order to sustain the special finding of facts with reference to such transactions, cites a number of rules of law relating to principals and agents, none of which are controlling under the facts disclosed by the evidence in this case. Appellant challenges the sufficiency of the evidence to sustain the special finding of facts in other particulars, some of which appear to have merit, but no good purpose would be subserved by considering the same, in the light of the conclusion we have reached respecting the finding as to the sale of grape vine cuttings.

Appellant contends that the court erred in overruling his demurrer to each of said paragraphs of complaint. It bases this contention on the absence of any

2. averment that the moneys which it is alleged were paid by plaintiff to the defendants, were had and received by appellant, or any one of his codefendants, for the use and benefit of appellee's decedent. It will be observed that said second paragraph of complaint alleges, in addition to the general averments as to moneys had and received, that the defendants are indebted to plaintiff for "cash received by the defendants

of the plaintiff for dead and worthless peach trees, apple trees, quince trees, pear trees and grape vine cuttings, in the total sum of $991.40." If said general averment as to the moneys had and received of the plaintiff by the defendants stood alone in said second paragraph, there would be merit in appellant's contention. *State, ex rel.* v. *Sims* (1881), 76 Ind. 328. But the presence of the specific allegation quoted above serves to render the particular averment upon which appellant bases his contention unnecessary. This is true for the reason that the only purpose of such an averment in actions of this kind is to show that the defendant is not entitled to the money for which the suit is brought, and where a complaint contains specific allegations showing such fact the formal averment becomes unnecessary. There was no error in overruling the demurrer to said second paragraph of the complaint.

As to the third paragraph of complaint it will be observed that it not only omits the formal allegation for which appellant contends, but makes no reference to any moneys had and received for dead and worthless fruit trees or grape vine cuttings. It does allege, however, that said moneys were had and received without consideration. Appellee insists that this renders such formal allegation unnecessary, as the defendants would have no right to retain the same, if it was received without consideration. We cannot agree with this insistance, as money received as a gift would be without consideration, but, notwithstanding such fact, it would not be subject to recovery in an action of this kind. The court erred in overruling appellant's demurrer to said third paragraph of complaint.

In view of the conclusions we have announced, it becomes unnecessary to consider any other alleged error. The judgment is reversed as to appellant, with instructions to sustain his motion for a new trial, and his

demurrer to said amended additional third paragraph of complaint, with leave to amend the same if desired, and for further proceedings consistent with this opinion.