## NOAH GUYMAN
### *v.*
## ALBERT H. BURLINGAME.

1. BAILIFF—*sheriff has power to appoint.* A sheriff has power to appoint a special bailiff to execute a writ, he indorsing the appointment on the writ.

2. SAME—*the return being in the name of sheriff, makes him responsible.* The return on the writ being in the name of the sheriff, he is responsible for its truth.

3. GAMING—*what is a bet on an election.* A note for money, payable if "Abraham Lincoln receives the electoral vote of the State of Illinois," is a bet on an election, and void on its face.

ERROR to the Circuit Court of Randolph county; the Hon. S. L. BRYAN, Judge, presiding.

13 — 36 ILL.

This was an action of debt, commenced in the Randolph Circuit Court by Burlingame, against Guyman and Seaburn J. Moore, by writ of summons.

The summons was in the usual form, bearing date April 5, 1861, and directed to the sheriff, on which was this indorsement: "I hereby appoint R. H. Jenkins special bailiff to execute this writ, April 9th, 1861.   M. S. McCormick, Shff. R. C., Ills."

The return was as follows: "I have executed the within writ by reading to the within named Noah Guyman, Seaburn Moore not in my county.   April 12th, 1861.   M. S. McCormick, Sheriff of R. C., Ill., by R. H. Jenkins, special bailiff."

The action was brought on a note, of which the following is a copy:

"Thirty days after date, we, or either of us, promise to pay A. H. Burlingame, or bearer, one hundred and sixty dollars, for value received, providing Abraham Lincoln receives the electoral votes of the State of Illinois.   Eden, Oct. 15, 1860.

NOAH GUYMAN.   [SEAL.]
S. J. MOORE.          [SEAL.]"

The defendant, Guyman, failing to appear, a judgment was entered against him, by default, for the amount of the note, with the interest thereon, and the costs.

From this judgment, Guyman prosecutes this writ of error, and assigns as error—

*First*, That the Circuit Court had no jurisdiction of the person of the plaintiff in error, for the reason there was no legal service of the summons upon him, the sheriff of Randolph county having no legal authority to make a special bailiff for the purpose of serving the writ upon him.

*Second*, The note sued on was void on its face.

Messrs. NELSON & SANDERS, for the Plaintiff in Error, made these points:

1. There was no service upon the plaintiff in error, as required by law, and the court had no jurisdiction over his

person. The judgment is consequently erroneous. Purple's Statutes, Sec. 20, p. 1120.

2. The writing sued on is, on its face, void. Purple's Statutes, Sec. 1, Vol. 1, p. 592. Consequently, the judgment rendered on the same, is a nullity and void. *Gordon* v. *Casey*, 23 Ill. 71.

Mr. H. K. S. O'Melveny, for the Defendant in Error, *contra:*

Bailiffs, at common law, may serve process. 3 Black. Com. 344, 345; 8 Bacon Abr., top p. 677.

The sheriff executed this writ, as the return is in his name.

The note, on its face, is not necessarily void — it may or may not have been a bet.

Mr. Justice Breese delivered the opinion of the Court:

Two questions are presented by this record. First, can the ordinary process of a Circuit Court be executed by a special bailiff, under the appointment *pro hac vice* of the sheriff? And next, was the note sued on a bet on an election authorized by law?

At common law several kinds of bailiffs were recognized, and among them sheriff's bailiffs, who are regarded as servants to sheriffs of counties, to execute writs, warrants, etc., for whose misdemeanors or defaults the sheriffs were answerable. Sheriffs had under them an under-sheriff, bailiffs, jailer, etc., for all of whom they were answerable. Jacob's Law Dict., title, "Sheriff."

We do not suppose our statute respecting sheriffs and coroners has taken away or in any manner abridged this common law power of the sheriff to appoint a special bailiff on an emergency, his appointment being indorsed on the writ. We believe it is the general practice. It seems a power necessary for him to possess in order to the due performance of the various duties devolving on him, which he cannot perform in person. And as all their acts are done in the name of the sheriff, and for which he is answerable, no injury can result to

the public, but much good, by the proper exercise of this power.

On the other point we are constrained to hold, on the authority of the case of *Gordon* v. *Casey*, 23 Ill. 71, that the note sued on was, to all intents and purposes, a bet on an election authorized by the laws of this State, and consequently void.

The judgment, for this reason, must be reversed.

*Judgment reversed.*