### STATE vs. JOSEPH P. MOORE.

The statute (Gen. Statutes, tit. 12, sec. 103,) provides that any person who shall resist or obstruct any sheriff, deputy sheriff, constable, or other officer, in the execution of his office, shall be punished, &c. Held to be an offence within this statute to obstruct an indifferent person deputed to serve a writ of attachment, while in the performance of his duty.

The information alleged that G was lawfully deputed as an indifferent person by B, a justice of the peace, and as such had in his hands a writ of attachment lawfully issued by said justice and perfected in all respects according to law, and which was directed to said G as an indifferent person, commanding him to attach, &c., but did not allege that G was an officer, nor that the oath required by the statute in such a case was administered to the plaintiff or his agent by the justice, nor that a bond for prosecution was given. Held to be good after verdict.

And held that the original process was admissible in evidence to prove the offence, although it had not been returned to court, the offence being complete when the service of the process was obstructed, and it not being a question of the justification of the indifferent person for his doings under the writ.

INFORMATION for unlawfully obstructing the execution of legal process, brought to the Superior Court in Litchfield county.

The information charged " that at Washington, in said county, on the 5th day of January, 1871, Julius A. Glover was lawfully deputed, according to the statute in such cases provided, as an indifferent person, by Frederick Beardsley, Esq., a justice of the peace for said county, and as such indifferent person had in his hands a writ of attachment, is-

sued by said justice, in favor of Otis E. Gillette of said Wash ington, and against Joseph P. Moore of said Washington, which was lawfully issued and perfected in all respects according to law, and directed to the sheriff of the county of Litchfield, his deputy, or either of the constables of said town of Washington, and to the said Julius A. Glover as an indifferent person, to serve and return, commanding them and him to attach to the value of twenty dollars the goods or estate of said Joseph P. Moore, and him summon to appear, &c., as by said writ and oath and deputation ready in court to be shown may appear ; and that while the said Julius A. Glover, thus deputed as aforesaid, was proceeding with said writ of attachment to serve the same, and to levy the same on personal property of the said Joseph P. Moore, in conformity with the command and direction therein contained, the said Joseph P. Moore, with force and arms, and with great violence, at said Washington, on the day last aforesaid, did unlawfully resist, hinder, obstruct and abuse the said Julius A. Glover in the discharge of his duty in the premises, and did prevent the said Julius A. Glover from serving said writ of attachment; against the peace and contrary to the statute in such cases made and provided."

The case was tried to the jury, upon the plea of not guilty, before *Pardee, J.*

Upon the trial the attorney for the state claimed the conviction of the defendant under the 103d section of the act concerning crimes and punishments, (Gen. Statutes, p. 261,) which is as follows : " Every person who shall hinder, obstruct, resist, or abuse any justice of the peace, or resist, hinder, obstruct or abuse any sheriff, deputy sheriff, constable, or other officer, in the execution of his office, shall be punished, &c."

To prove the averments that Glover was lawfully deputed, and that he had in his hands for service a lawful writ of attachment, the state offered in evidence the original writ upon which the deputation was indorsed, with the oath required by law. This paper was the only evidence offered by the state to prove these averments. It was admitted that the writ was never returned to, and had never been in the possession of,

the justice of the peace before whom the same was made returnable, either before or after the return day mentioned in the writ, but that it had always been in the possession of Glover or of some person who kept it at his request.

It was claimed by the state and not denied by the defendant that prior to the return day of the writ, the defendant had paid to Gillette, the plaintiff in the writ, the claim for which the writ had been issued, with the costs, which payment was made in presence of Glover.

The defendant objected to the writ being received in evidence, because it did not come from the proper custody, and because, as it had never been returned to the court to which it was returnable, it was not a file or record of any court, and was not and could not be authenticated so as to be made evidence in the case, and also for the reason that after the return day the writ, not having been returned, was not admissible evidence for any of the ·purposes for which it was offered. The court overruled all the objections and admitted the writ in evidence.

The defendant claimed, and asked the court to charge the jury, that as the information only alleged that the defendant had resisted an indifferent person, lawfully deputed to serve the writ, it did not set forth any offence within the statute. He also claimed, and asked the court to instruct the jury, that it was not a crime within the purview of the statute to resist an indifferent person in the service of a writ of attachment. The court overruled both these claims and charged the jury that the information was sufficient to sustain a verdict against the defendant, and that the deputation of Glover having been proved to be lawful, he was under the protection of the statute.

The defendant claimed that by the neglect of Glover to return the writ he became a tresspasser ab initio, and that so all his acts in serving the writ, or in attempting to serve it, were trespasses for which Glover might be subjected to damages, and that for resisting him in such acts this prosecution could not be maintained against the defendant; and asked the court so to instruct the jury. The court did not so instruct the jury,

but charged them that if, prior to the return day of the writ, the defendant settled the claim for which the writ was issued, together with the costs, of which settlement Glover had notice in the manner claimed, it was a sufficient excuse for his omission to return the writ.

The jury returned a verdict of guilty, and the defendant moved for a new trial for errors in the rulings and charge of the court. He also moved in arrest of judgment for the insufficiency of the information, which motion being overruled, he filed a motion in error and brought the record before this court.

*Andrews*, in support of the motions.

1. An indifferent person deputed to serve a writ of attachment is not an officer within the statute. Criminal statutes will be so construed as to exclude all cases which are not expressly within their words. *Daggett* v. *The State*, 4 Conn., 60; *Leonard* v. *Bosworth*, id., 421; *State* v. *Bailey*, 10 id., 144; *State* v. *Brown*, 16 id., 54; *State* v. *Powers*, 36 id., 78. A comparison of the statute which authorizes the deputation of an indifferent person to serve writs, with the statute upon which this case is based, shows that an indifferent person is *not* an officer. Gen. Statutes, tit. 1, sec. 3; Webster's Dict. "*Office*" and "*Officer*"; also Bouvier's Law Dict.; 2 Swift Dig., 450; *Case* v. *Humphrey*, 6 Conn., 139; *Kellogg* v. *Wadhams*, 9 id., 207; *Eno* v. *Frisbie*, 5 Day, 127; *Edmonds* v. *Buell*, 23 Conn., 242. An indifferent person is excluded from being an officer by the very words of the statute authorizing his deputation. He has nothing in common with an officer, except that he performs an act which is usually performed by an officer. The writ is directed to him by name and not by the title of any office; there is no public employment or election; no induction into any office; no giving bonds; no taking an oath; no public appointment. There are, indeed, none of the indicia which denote and give character to *an office*. If an officer, what office does an indifferent person hold? To say the office of an indifferent person, would be a contradiction in terms. It would be precisely like say-

ing, the office of one who is not an officer. *Thatcher* v. *Heacock*, 1 Root, 284.

2. The court erred in admitting the original writ in evidence. That instrument, though in form a proper writ of attachment, having never been returned, became after the day fixed for its return wholly void; "the same in effect as if there was no process, *because none could be shown*." *Williams* v. *Ives*, 25 Conn., 568. A writ is a public judicial writing, and after the return day can be proved in no other way than by the attestation of the court or officer in whose custody it belongs. Buller's Nisi Prius, 234; 1 Greenl. Ev., § 521; *Tomlinson* v. *Collins*, 20 Conn., 377. The question here is one of evidence, and is wholly unaffected by the settlement of the suit. The settlement by the parties might be a defence to Glover in an action for taking the property.

3. The information is insufficient. It does not charge any crime under the statute. It is not alleged that Glover was an officer, nor that he was resisted in the execution of his office. These averments are material, and absolutely essential to describe an offence within the statute. The most favorable construction that can be put on the information would be that it sets out the evidence which shows Glover to have been an officer, and that he was executing his office. A recital of evidence is clearly bad. 1 Swift Dig., 601. Such recital is bad even after verdict. It is not the defective statement of a title. It is an entire omission to state any title at all. No possible recital about an indifferent person can be equivalent to a direct averment that such person was an officer. But even the recital of evidence in the information is bad. It does not state enough to show that Glover was authorized to serve a writ, or even that he had a lawful writ of attachment. It is not shown that the plaintiff in the writ, or his agent, took the oath required to be taken before an indifferent person could be deputed. Nor that Glover's name was inserted in the writ in the magistrate's own hand. *Thatcher* v. *Heacock*, 1 Root, 284. Nor that the writ which Glover was attempting to serve had any date. *Stoyel* v. *Westcott*, 2 Day, 423. Nor that any bond for prosecution had

been given. The general allegation that Glover was lawfully deputed and that he had a lawful writ, is not sufficient. The facts must be set out so that the court can see whether or not they were lawful. *Stoyel* v. *Westcott*, 2 Day, 423 ; *Hobart* v. *Frisbie*, 5 Conn., 594 ; *McCune* v. *Norwich City Gas Co.*, 30 id., 521 ; *Hewison's Admr.* v. *City of New Haven*, 34 id., 136 ; *Seymour* v. *Maddox*, 5 Eng. L. & E., 265 ; Gould's Pleading, ch. 4, sec. 29.

*Sedgwick*, State Attorney, and *E. W. Seymour*, contra.

PARK, J. The principal question in this case is whether it is an offence within the provisions of the 103d section of the act concerning crimes and punishments, (Revised Statutes, page 261,) for a person to hinder and obstruct an indifferent person, regularly deputed to serve a writ of attachment, while such person is engaged in the performance of his duty in serving such process. The language of the statute is, "Every person who shall hinder, obstruct, resist, or abuse any justice of the peace, or resist, hinder, obstruct, or abuse any sheriff, deputy sheriff, constable, or other officer, in the execution of his office, shall be punished, &c." The question is, does the case of an indifferent person, lawfully deputed to serve process, and while engaged in so doing, come within the meaning of the term " or other officer," as used in this statute.

No good reason can be shown why this phrase was not intended to include all persons, except those specially named in the act, who are authorized by law to serve process. The statute authorizing writs to be directed to indifferent persons, was intended to reach cases of emergency, where a party finds himself in danger of losing his claim if he should be compelled to look up the regularly appointed officers of the law to serve his process. In such cases the statute was intended to meet the necessities of the case, and to supply an officer, who must be always at hand, to take the place of the regularly appointed officers of the law, and to confer upon him all the authority quoad the process, that is conferred upon sheriffs and constables. The office of a deputed person there-

fore, to the extent of his deputation, cannot be distinguished in principle from that of the sheriff of the county. The difference consists in the extent of the jurisdiction rather than in the nature of the authority. The authority of the one is confined to a particular case, and he is therefore a *special officer*, while the authority of the other extends over all cases within the county that come to his charge; but this difference makes no difference in the nature of the authority. The sheriff can serve but one process at one time, and in the service of that process he is no more an officer than a deputed person would have been acting in his stead. While so doing the sheriff is in the performance of a public duty under the sanction of the law; so likewise must the deputed person be to the same extent. Webster defines an officer to be "a person commissioned or authorized to perform any public duty." According to this definition a person charged with the performance of one public duty, is as much an officer, while engaged in its performance, as another who is charged with the performance of many public duties; and especially if such duties are of the same class or character.

It would seem that these considerations are sufficient to show that a deputed person, while engaged in the performance of his appointed duty, is an officer of the law, and is one of those embraced within the phrase " or other officer" in the statute in question. But other considerations could be adduced. It was urged with great force in the argument, that unless the statute in question has this construction, it is strange indeed that the legislature, in making provision for the service of this class of cases, where haste is necessary, should leave the deputed person without protection, so that the fleeing debtor could resist and obstruct him in the performance of his duty, and accomplish the mischief by preventing the service of the process, that the statute was expressly intended to prevent. Such a construction would practically defeat the object of the statute. But it is said that a deputed person has none of the indicia of an officer; that he has no public appointment, no induction into office, that he gives no

bond, takes no oath, &c. It is sufficient to say that these requirements would defeat the object of the statute.

We are satisfied that a deputed person, while engaged in serving process, is an officer of the law, charged with the performance of a public duty, and that his case comes within the meaning of the term "or other officer" in the statute in question.

It is further claimed that the court improperly received the original writ as evidence in the cause, on the ground that the facts attempted to be proved by it could only be proved by a copy of record. The authorities relied upon by the defendant to sustain this claim are cases where the officer serving the process was sued as a trespasser for taking the property which he claimed to have attached. In such cases it was properly holden that the officer could not justify the taking of the property unless he completed the service of the writ by returning the same to court with his doings indorsed thereon. The officer is commanded to return the writ, as well as to serve it on the defendant and his property, and if he obeys a part of the mandate and disregards the remainder, inasmuch as the whole command is one entire thing, the law will afford him no protection unless he can show a legal excuse. Glover is not a party to this proceeding; and whether as between himself and the defendant in the writ which he served, he would be justified in not returning the process, is no part of the present inquiry. But even if it was, it might well be questioned whether the defendant, after settling the case in Glover's presence, could afterwards make complaint that the process was not returned. This proceeding is between the state and the defendant. The crime laid to the defendant's charge was committed when he obstructed Glover in the performance of his duty. It was then complete, and was not dependent upon the question whether the process should afterward be returned to court. Suppose the defendant had destroyed the process when he obstructed the service of it; would he thereby have rendered himself secure ? We think not. The evidence was properly received.

Again, the defendant claims that the information is insuffi-

cient in the law. This question comes to us on a motion in arrest of judgment. The information is not as precise and technical as it should have been, but without enlarging upon this subject, we think it is sufficient after verdict. The defendant has set forth many points in which it is claimed that the information is insufficient. He says that it is not alleged that Glover was an officer, nor that he was resisted in the execution of his office ; that it does not appear that the plaintiff in the writ, or his agent, took the oath required by law to be taken, before an indifferent person could be deputed to serve the same ; that it does not appear that Glover's name was inserted in the writ in the magistrate's own hand ; that it is not alleged that the writ which Glover was attempting to serve had any date ; and that it does not appear that any bond for the prosecution of the cause had been given. It is alleged in the information " that Glover was lawfully deputed, according to the statute in such cases provided, as an indifferent person by Frederick Beardsley, Esq., a justice of the peace, &c., and as such indifferent person had in his hands a writ of attachment, issued by said justice, which was lawfully issued and perfected in all respects according to law, and which was directed to the said Glover, as an indifferent person, commanding him, &c., as by said writ and oath and deputation ready in court to be shown may appear." We think these allegations in this stage of the case are sufficient to sustain the verdict.

There is no error in the judgment complained of, and a new trial is not advised.

In this opinion the other judges concurred.