# WILLIAM O. DUNGAN

*v.*

# LEVI HALL.

BAILIFF—*power of sheriff to appoint.* At the common law, a sheriff has power to appoint a special deputy, who is officer *pro hac vice*, to execute a particular writ, by indorsing the appointment on the writ; and this power has not been abridged by our statute.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. BASSETT & CONNELL, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was trespass, in the Mercer circuit court, by appellee against appellant as sheriff of said county, to recover three times the value of certain goods and chattels of appellee, alleged to be exempt from execution, but which had been levied upon, taken and sold, in virtue of an execution against appellee in favor of one Willits. Issue was joined, and trial had before the court and a jury, which resulted in a verdict and judgment against appellant, and he brings the case to this court by appeal.

It appears by the bill of exceptions that the appellant, being sheriff, on receiving said execution, by a writing thereon, under his hand, appointed one R. W. Kile as his special deputy to execute said writ for him and in his name; that Kile, by virtue of said appointment and writ, levied upon the goods and chattels of appellee, including those in the declaration mentioned as exempt property.

Upon the trial it became a controverted point whether or not appellee did not voluntarily turn out to Kile all of the goods and chattels levied upon to be so taken, as to which point there was evidence on both sides.

It also appeared in evidence that, although Kile, as such special deputy, had made the original levy, yet before the sale the appellant, as sheriff, took charge of the execution of the writ, in person, and made the sale thereunder.

It was also a controverted question whether any of the property levied upon had been released from the levy by an arrangement between Kile and appellee; and appellee claimed that he made a demand upon the appellant before the sale to have certain of the goods and chattels set off to him as exempt property.

At the request of appellee's counsel, the court instructed the jury that the service of the execution and levy made by R. W. Kile were wholly void, as he had no authority to serve the same, and that plaintiff, Hall, had the right to make his claim for set-off, under the law, at any time after he was informed that the sheriff had taken possession of his property under the execution.

This instruction must have been based upon the assumption that the sheriff could not legally appoint a special deputy to execute the writ. It is a matter of surprise that such an instruction should have been asked or given. At common law, there are two kinds of deputies of a sheriff: a general deputy, or under sheriff, who, by virtue of his appointment, has authority to execute all the ordinary duties of the office ; and a special deputy, who is officer *pro hac vice* to execute a particular writ on some certain occasion. 1 Black. Com. 345–6. And in *Guyman* v. *Burlingame*, 36 Ill. 201, it was held that our statute respecting sheriffs and coroners had in no manner taken away or abridged this power.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*