## JESSE LOCKHART
### v.
## CYRUS HULLINGER.

PROMISSORY NOTE—WAGER ON ELECTION VOID.—A promissory note, payable on condition that a certain person would be elected to a certain office, is void, as being against public policy.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. POST for appellant; cited Vischer v. Yates, 11 Johns. 21; Allen v. Herne, 1 T. Rep. 56; Gregory v. King, 58 Ill. 169.

DAVIS, J. This was an action, originally commenced before a justice of the peace by Hullinger against Lockhart, and taken by appeal to the Circuit Court of Macon county, in which court a judgment was rendered against Lockhart for $77.20 and costs.

The action was brought on a written instrument, of which the following is a copy:

"NIANTIC, ILLINOIS, Sept. 23, 1876.

"On the election of R. B. Hayes to the office of President of the United States in 1876, I promise to pay Cyrus Hullinger seventy-five dollars, and if not elected, this note is null and void.

"JESSE LOCKHART."

On the trial the only evidence offered was the above written instrument, and the only question presented by the record is, whether on such an instrument the plaintiff below was entitled to recover the judgment rendered in his favor.

The law is well settled in this State that wa<sub></sub>ers depending on the result of a Presidential election are against public policy and void.

Instruments similar to the one sued on have been held, to all intents and purposes, bets on an election, and therefore void on their face. Gordon v. Casey, 23 Ill. 70; Guyman v. Burlingame, 36 Ill. 201; Gregory v. King, 58 Ill. 169.

The instrument sued on in this case being void, no recovery could be had upon it.

The judgment must be reversed.

Judgment reversed.