STATE v. EMBREY.

## Opinion delivered July 8, 1918.

1. CRIMINAL LAW—OBSTRUCTING PROCESS—SUFFICIENCY OF INDICTMENT.—In drawing an indictment under section 1960 of Kirby's Digest, charging the crime of obstructing process, it is not necessary to allege that the officer seeking to arrest certain parties had a warrant for their arrest.

2. CRIMINAL LAW—OBSTRUCTING PROCESS—SUFFICIENCY OF THE INDICTMENT.—An indictment held sufficient which charged that the sheriff was attempting to arrest C. and A. for the commission of a felony, on a certain day, and that defendant did unlawfully, knowingly and wilfully obstruct and resist him when attempting to make the arrest.

3. CRIMINAL LAW—FRAMING INDICTMENT—STATUTORY CRIMES.—An indictment charging the commission of a statutory crime is sufficient if it states all the ingredients necessary to constitute the offense charged.

Appeal from Polk Circuit Court; *W. C. Rodgers,* Special Judge; reversed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellant.

The indictment alleges facts sufficient to constitute a public offense. Kirby's Digest, § § 1960-1. It was not necessary to allege that the sheriff had a warrant. Kirby's Digest, § 2119; 96 Ark. 477; 107 *Id.* 99.

*Minor Pipkin* and *J. I. Alley,* for appellee.

The indictment does not state facts sufficient to constitute a public offense. The particular circumstances of the offense charged are not set forth. Kirby's Digest, § 1960, 2119-20, 2227; 47 Ark. 552; 43 *Id.* 693; 80 *Id.* 310; 93 *Id.* 81; 111 *Id.* 186; Kirby's Digest, § 2227, etc.

HUMPHREYS, J. Appellee was indicted in the Polk circuit court on the 11th day of December, 1917, under section 1960 of Kirby's Digest for obstructing process.

A demurrer was filed to the indictment on the following grounds:

(1)　That the indictment does not state facts sufficient to constitute a public offense.

(2)　That the particular circumstances of the offense charged, necessary to constitute a complete offense, are not set forth in the indictment.

The demurrer was sustained by the trial court, from which ruling an appeal has been prosecuted to this court.

Omitting caption and signature, the indictment is as follows: "The grand jury of Polk County, in the name and by the authority of the State of Arkansas, accuse Jack Embrey of the crime of obstructing process committed as follows, towit: The said Jack Embrey, in the county and State aforesaid, on the 16th day of November, 1917, did unlawfully, knowingly and wilfully obstruct and resist H. W. Finger, sheriff of Polk County, in his, the said H. W. Finger's attempt to arrest Julius Carden and Bettis Alston for a felony against the peace and dignity of the State of Arkansas."

The section of the statute under which the indictment was framed is as follows:

"If any person shall knowingly and wilfully obstruct or resist any sheriff, or other ministerial officer, in the service or execution of, or in the attempt to serve or execute any writ, warrant or process, original or judicial, in discharge of any official duty, in case of felony, or any other case, civil or criminal, or in the service of any order or rule of court, in any case whatever, he shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than fifty dollars, and may also be imprisoned not exceeding six months."

(1)　The question to be determined on appeal is whether it was necessary to allege in the indictment that the sheriff had a warrant for the arrest of Julius Carden and Bettis Alston. It is said that it is not a crime under this section to resist an officer in making an arrest unless he had a writ, warrant or process, original or judicial, or an order or rule of court at the time he was making or attempting to make the arrest. If this is the correct interpretation of the section, the words "in discharge of

any official duty," contained in the section, have no meaning whatever. A sheriff serving or executing, or attempting to serve or execute, an original writ, warrant or process is necessarily in the discharge of his duty. The construction of the section contended for by appellee would not be changed in the least if the words just mentioned were excluded from the section. In construing a statute, some meaning should be given to every word contained therein, if possible. By holding that the Legislature intended to make it a crime to resist an officer in the service of a writ, warrant, process, order or rule of a court, or in the discharge of any official duty, the words in question will be given their ordinary, natural meaning. It is obvious that the Legislature either left out the word "or" between the words "judicial" and "in" or placed a comma, instead of a semicolon, after the word "judicial." By reading the section with a semicolon after the word "judicial," or reading it with the word "or" inserted between "judicial" and "in," the section will carry the meaning clearly intended by the Legislature. This intention is made manifest by reading section 1961 in connection with section 1960. The word "or" was inserted in section 1961 so as to give the words "in discharge of any official duty" their actual meaning. If the words "in discharge of any official duty" had been omitted from section 1960, then the fact that they were inserted in section 1961 would argue that the Legislature did not intend to make it a crime to resist an officer in the discharge of his official duty, unless he had a writ; but since the same words were used in both sections, it is apparent that the word "or" was omitted from section 1960 through an oversight. Our construction of the statute is reinforced by the fact that it is provided by statute that a peace officer may make an arrest without a warrant where he has reasonable grounds for believing that the person arrested has committed a felony. Kirby's Digest, sec. 2119. The construction placed upon this section by the court is in keeping with the construction placed upon it in the case of *Drifoos v. City* of *Jonesboro*, 107 Ark. 99.

It was said in that case that, "A city policeman is a ministerial officer within the meaning of this section, and as such had a right to make the arrest for a felony committed in his presence, even though he had no warrant."

(2-3) It is insisted that the indictment is defective because it does not charge the particular circumstances of the offense. The indictment charges that H. W. Finger, who was sheriff of Polk County, was attempting to arrest Julius Carden and Bettis Alston in said county for a felony on the 16th day of November, 1917, and that appellee did unlawfully, knowingly and wilfully obstruct and resist him when attempting to make the arrest. The indictment stated all the ingredients essential to constitute the offense of obstructing a peace officer in an attempt to arrest a party for a felony. This is all that is required in charging statutory crimes  The manner and mode of resisting the officer is a matter of evidence. *Putman* v. *State,* 49 Ark. 449; *Houpt* v. *State,* 100 Ark. 409.

The demurrer to the indictment should have been overruled.

For the error indicated, the judgment is reversed and the cause remanded with instructions to overrule the demurrer to the indictment.