## LEAKE v. STATE.

### Opinion delivered September 26, 1921.

1.  CRIMINAL LAW—LOST INSTRUMENT—SECONDARY EVIDENCE.—In a prosecution for forgery, secondary evidence of the contents of the instrument alleged to have been forged was admissible where all sources of information and means of discovery which the nature of the case would naturally suggest were in good faith exhausted by the prosecuting attorney in trying to find the alleged forged instrument.

2.  CRIMINAL LAW—LOST INSTRUMENT—EVIDENCE.—In a prosecution for forgery it was competent for the prosecuting attorney to testify, in regard to the loss of the instrument alleged to have been forged, that he had made inquiry of the outgoing prosecuting attorney as to the whereabouts of the instrument.

Appeal from Ouachita Circuit Court; *George R. Haynie,* Judge; affirmed.

*Powell & Smead,* for appellant.

Production of the original order was material. No sufficient foundation was laid for the production of sec-

ondary evidence. The testimony of A. D. Pope, the prosecuting attorney, was pure hearsay. 60 Ark. 141.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *W. T. Hammock*, Assistants, for appellee.

As to whether or not the loss of the order was sufficiently accounted for to warrant the admission of secondary evidence of its contents was a question for the court, and its holding will not be disturbed unless there was a manifest abuse of discretion. 1 Greenleaf on Evidence, § 558; 60 Ark. 141. Diligent search was made by the clerk, the keeper of the records, and by the State's attorney. 10 R. C. L. §76, pp. 917-918; *Id.* §77, p. 919; 136 Ark. 175.

HART, J. Huby Leake prosecutes this appeal to reverse a judgment of conviction against him for the crime of uttering a forged instrument.

The indictment charges the defendant with the crime of uttering a forged order drawn on George Gordon, a merchant of Camden, Arkansas, purporting to be signed by Will Blakely. At the time of the trial the State did not produce the instrument, but proved its contents by George Gordon and Will Blakely, and also proved by them that the defendant uttered the forged order in Ouachita County, Arkansas, within three years prior to the finding of the indictment.

As a foundation for the admission of the testimony of George Gordon and Will Blakely as to the contents of the alleged forged order, the State proved by the clerk of Ouachita Circuit Court that it was the custom of the prosecuting attorney in office at the time the indictment in the present case was returned to pin orders such as the one in the instant case in the grand jury book and that the grand jury book was kept in the office of the circuit clerk; that the circuit clerk made a diligent search in his office for the grand jury book and the order in question, and has not been able to find it.

The present prosecuting attorney testified that, together with the circuit clerk, he made a diligent search

for the grand jury book and the alleged forged order; that he made a special trip to El Dorado to see the prosecuting attorney who drew the indictment and was unable to locate the grand jury book, or the alleged forged order after having made a diligent search for the same. On cross-examination, the prosecuting attorney testified that he searched fairly thoroughly through a plunder room of the office of the attorneys for the defendant, and was unable to find anything that looked like the grand jury book or the alleged forged order in question. The prosecuting attorney testified that he had gone to considerable expense, and had made a diligent search for the alleged forged order and had been unable to find the same.

At the trial the defendant made objections to the admission of the testimony of Gordon and Blakely as to the contents of the alleged forged order on the ground that there was no proof of diligent search or of the loss or destruction of the original. The proof of loss of the alleged forged order being a matter preliminary to the admission of the oral testimony of Geoge Gordon and Will Blakely as to its contents, the question of the sufficiency of the evidence was for the trial court, and of course the testimony offered on that question is subject to review on appeal. In order to show loss of the alleged instrument, it was necessary to prove that a diligent search had been made for it where it was most likely to be found. There is no general rule as to the degree of diligence in making the search; but the prosecuting attorney who alleged the loss was expected to show "that he has, in good faith, exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him." *Wilburn* v. *State,* 60 Ark. 141, and *Simpson & Co.* v. *Dall,* 3 Wall. (U. S.) 460.

In the Wilburn case the court said that the diligence exercised did not measure up to the standard laid down above. In that case the indictment charged the defendant

with falsely pretending that he was the owner of a certain growing crop of cotton and corn. The defendant claimed that the court erred in allowing proof of the contents of a rent note executed to him, on the ground that the loss of the note had not been sufficiently established. On this point, it was shown that the prosecuting attorney had, about an hour before the trial, gone to the persons supposed to have the rent note in their possession and asked them to make a search for it. As thorough search as could be made in the limited time was made, but the witness could not say that a thorough search had been made. In fact, he stated that the note must be among the papers of the firm, and that by further search they might possibly find it.

In the present case a thorough search was made for the instrument in the clerk's office where papers of that kind were usually kept. The prosecuting attorney also made a special trip to consult with the outgoing prosecuting attorney as to the place where the instrument might be found. He testified that he made a diligent search and went to considerable expense to find the instrument, but could not do so. As we have already seen, reasonable search is sufficient, although it does not appear that every possible search has been made. There are no circumstances tending to show in the remotest degree that the instrument has been designedly withheld. All sources of information and means of discovery which the nature of the case would naturally suggest were, in good faith, exhausted by the prosecuting attorney in trying to find the alleged forged instrument.

Under the facts disclosed by the record, we do not think the circuit court abused its discretion in finding that the instrument in question had been lost, and that secondary evidence of its contents was admissible. Hence the assignment of error that the judgment should be reversed on account of the admission of the evidence of Gordon and Blakely as to the contents of the alleged forged order is not well taken.

It is also insisted that the court erred in permitting the prosecuting attorney to testify that he had made inquiry of the outgoing prosecuting attorney as to the whereabouts of the instrument. There was no error in the action of the court in this respect. The prosecuting attorney was not permitted to testify what the former prosecuting attorney said to him about the instrument. The paper had been in the hands of the former prosecuting attorney, and it was perfectly proper for the prosecuting attorney to go to him, state the loss, and ask him where he should look for it. It was his duty to make a reasonable search for the paper in all places where it was likely to be found, and, in order to do this, it was perfectly proper for the present prosecuting attorney to go to the former prosecuting attorney and ask him about the paper and where he would be likely to find it.

No other assignments of error are urged to reverse the judgment, and, finding no error in the record, the judgment will be affirmed.