CALHOUN *v.* STATE.

Opinion delivered November 18, 1929.

*Chas. D. James,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith, Assistant,* for appellee.

SMITH, J. Appellant was tried and convicted under the following indictment: "The said Charley Calhoun, on or about the 3d day of February, 1929, in the said Western District of Carroll County and State of Arkansas, Eli Cox, who was in custody, after lawful ar-

rest and before conviction for a felony, knowing and being informed that the said Eli Cox was lawfully arrested, did unlawfully and feloniously, by unlawful means set at liberty the said Eli Cox, and did unlawfully and feloniously and voluntarily and corruptly and of purpose let the said Eli Cox escape.''

He filed a demurrer before his conviction, and a motion in arrest of judgment afterwards, questioning the sufficiency of the indictment. For the reversal of the judgment it is also insisted that incompetent testimony was admitted, and that the testimony is insufficient to sustain the conviction.

It is true, as appellant insists and as the statute provides, that the indictment must be direct and certain as regards ''the particular circumstances of the offense charged where they are necessary to constitute a complete offense'' (paragraph four, § 3012, C. & M. Digest), and that the language of the indictment must contain ''a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended'' (paragraph two, § 3028, C. &. M. Digest). But it is also true that the indictment is sufficient if it can be understood therefrom that it was properly found, and that the offense charged was committed within the jurisdiction of the court, and that ''the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case.'' Section 3013, C. & M. Digest. The statute also provides that ''no indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.'' Section 3014, C. & M. Digest.

Here the offense charged is a statutory crime, and it is charged in the language of the statute, which is ordinarily sufficient, unless the circumstances of the case are

such as to make a more particular statement of the facts necessary to enable the person accused to properly prepare his defense, and to plead an acquittal or conviction as a bar to a further prosecution for the same offense.

At § 18 of the chapter on Escape, 10 R. C. L., page 591, it is said: "An indictment for an escape, prison breaking or rescue, or for permitting a prisoner to escape, is of course to be governed generally by the ordinary rules of law which govern indictments and informations. Generally speaking, an indictment is sufficient if it contains a statement of the acts constituting the offense, in ordinary and concise language, in such a manner as to enable a person of common understanding to know what is intended, and if the act or omission charged is stated with such a degree of certainty as to enable the court to pronounce judgment of conviction according to the rights of the case." The language quoted is substantially identical with that of the statutes of the State which we have cited. In the note to the text quoted the case of *Houpt* v. *State,* 100 Ark. 409, 140 S. W. 294, is cited, and the case is annotated in Ann. Cas. 1913C 690.

In the Houpt case it was said: "An indictment for a statutory offense must state all the ingredients essential to constitute such offense, but it is sufficient ordinarily to follow the language of the statute in charging the statutory offense. One of the essential elements constituting the crime of escape is that the prisoner was in the lawful custody of the officer, and this must appear from the allegations of the indictment. It is, however, sufficient to meet this requirement by general averments in the language of the statute that the prisoner was in the lawful custody of the officer."

Here the indictment alleges that the prisoner rescued was in lawful custody, charged with the commission of a felony, and that appellant was aware of that fact. The indictment does not allege what felony was charged; but this was entirely immaterial.

The indictment does not allege the means employed to effect the rescue; but this was not required. The case

of *State* v. *Embrey,* 135 Ark. 262, 204 S. W. 1139, was a prosecution for obstructing process, and it was there said:

"It is insisted that the indictment is defective because it does not charge the particular circumstances of the offense. The indictment charges that H. W. Finger, who was sheriff of Polk County, was attempting to arrest Julius Carden and Bettis Alston in said county for a felony on the 16th day of November, 1917, and that appellee did unlawfully, knowingly and willfully obstruct and resist him when attempting to make the arrest. The indictment stated all the ingredients essential to constitute the offense of obstructing a peace officer in an attempt to arrest a party for a felony. This is all that is required in charging statutory crimes. The manner and mode of resisting the officer is a matter of evidence. *Putman* v. *State,* 49 Ark. 449, 5 S. W. 715; *Houpt* v. *State,* 100 Ark. 409, 140 S. W. 294.

The majority are therefore of the opinion that the indictment sufficiently charges the crime of which appellant was convicted.

The assignment of error, that the testimony is not sufficient to support the verdict, may be disposed of by a brief review of the testimony offered on the part of the State. It was to the following effect: Davidson, a justice of the peace, testified that an affidavit for a warrant of arrest was made before him by some one, and it was his recollection that the affiant was George Garrison, Jr., although he was not sure, as the affidavit had been lost; and that the warrant, when issued, was delivered to either the constable of the township or the chief of police of the city of Eureka Springs, who was also a deputy sheriff, as these officers were together when the warrant was issued, but the warrant had been lost. The constable testified that he made the arrest under the warrant which Davidson had issued, and the chief of police had assisted him in doing so, and these officers put Cox in jail. Other witnesses testified that appellant effected the rescue of Cox by breaking off the lock on the door of the jail.

Objection was made to the testimony of Davidson that an affidavit had been made before him, upon which he had issued the warrant of arrest, and to the testimony in regard to the warrant itself, for the reason that the best evidence of these transactions would have been the production of the affidavit and the warrant. But the loss of these writings was shown, and parol eivdence was admissible of that fact and to show the nature and character of the lost instruments. *Leake* v. *State,* 149 Ark. 621, 233 S. W. 773.

The judgment must, therefore, be affirmed, and it is so ordered.