## CHEANEY v. THE STATE.

1. INSTRUCTIONS: *Bill of exceptions.*

   Unless instructions are embodied in the bill of exceptions the supreme court can not judge of their alleged error.

2. CRIMINAL LAW: *Imprisonment for fine and cost.*

   In all our penal legislation the word "imprisonment" means imprisonment in the county jail or local prison, unless expressed to be in the penitentiary; and the statutes providing for the imprisonment of a defendant until the fine and cost be paid, refer to misdemeanors, and not to felonies; and a defendant convicted of a felony and sentenced to the penitentiary for a fixed term and the payment of a fine, can not be continued in prison beyond the term, for the payment of the fine and cost, either in the penitentiary or in the county jail.

ERROR to *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*U. M. Rose*, for appellant:

Evidence shows appellant to have been guilty of rape. He could not be convicted of seduction.   22 *Wis.*, 444.

If there had been *intention* of marriage, the statute does not apply.

ENGLISH, C. J.   At the November term, 1879, of the circuit court of Franklin county, P. O. Cheaney was indicted for seduction under a false promise of marriage.

The indictment charged that "said P. O. Cheaney, on the twenty-ninth day of June, 1879, in the county of Franklin, etc., being a single and unmarried man, unlawfully and feloniously did obtain carnal knowledge of one Mary Head, a single and unmarried female, by virtue of a false express promise of marriage to her previously made by the said P. O. Cheaney; against the peace," etc.

Defendant demurred to the indictment on the grounds that it did not substantially conform to the requirements of the statute, and did not state facts which constituted a public offense.

The court overruled the demurrer; and on the applica-
tion of defendant, the venue was changed to the circuit
court of Pope county, where the case was tried at the
March term, 1880, on plea of not guilty, and the jury found
defendant guilty, and assessed his punishment at a fine of
$1,000, and imprisonment in the penitentiary for one year.

The court rendered judgment that defendant be impris-
oned in the penitentiary for one year, and that the state
recover of him the fine of $1,000 assessed by the jury, and
the costs, and that if the fine and costs were not paid by
the expiration of his term of imprisonment, he be further
imprisoned in the penitentiary until they were paid, but
that his confinement for fine and costs should not exceed
one day for each two dollars thereof, etc.

After defendant was sentenced, the court permitted him
to file a motion to set aside the judgment and grant him a
new trial, which the court overruled, and he took a bill of
exceptions, and afterwards brought error.

I.  The indictment was drafted under the following
statute:

"Any person who shall be convicted of obtaining carnal
knowledge of any female by virtue of any feigned or pre-
tended marriage, or of any false or feigned express promise
of marriage, shall, on conviction, be imprisoned not ex-
ceeding two years in the penitentiary, and fined in any
sum not exceeding five thousand dollars; but no person
shall be convicted of said crime upon the testimony of the
female, unless the same be corroborated by other evidence."
*Act of April 12, 1869; Gantt's Digest, sec. 1319.*

The indictment alleges in form substantially good, all the
material facts requisite to constitute the crime of seduction
by false express promise of marriage under the statute, and
the demurrer to it was properly overruled.

II.  The material allegations of the indictment were

sufficiently proved by the testimony of the injured female, taken in connection with admissions made by defendant to several witnesses. The evidence, looking at the whole of it, does not make a case of rape as suggested by counsel for plaintiff in error, but sustains the charge of seduction by false promise of marriage.

The question of force was submitted to the jury by the sixth instruction moved for defendant, and given by the court, which was as follows:

" If the jury believe that the defendant did obtain carnal knowledge of the said Mary Head, but that the same was done forcibly against the will, and contrary to the desire and consent of said Mary Head, then they must acquit."

1. INSTRUC-
TIONS:
Should be
in bill of
exceptions.

III. The bill of exceptions shows that eleven instructions were moved for defendant; that the court gave the fifth and sixth, and refused the others; then follows a statement that " the court in lieu of the instructions asked for by defendant, gave the following"—but none are set out. These instructions should have been brought upon the record by the bill of exceptions, so that we could see whether the court erred in giving them in lieu of such of defendant's as were refused.

IV. On the motion of the prosecuting attorney, the court gave six instructions, the defendant objecting to the second only;

In the first, the court stated to the jury the offense charged, and the second follows:

" To sustain this charge, it must appear from the evidence: first, that the defendant did obtain carnal knowledge of Mary Head; second, that he did so by virtue of an express promise of marriage which was false, and was made by the defendant alone for the purpose of obtaining such carnal knowledge; third, that such false promise was made in such manner and under such circumstances as to induce

said Mary Head to believe that it was not false, but was sincere and true, and that, so believing, she submitted to his embraces, when otherwise she would not have permitted such intimacy; fourth, these facts, if proven to the satisfaction of the jury, satisfying their minds beyond a reasonable doubt, together with the further facts that the offense was committed in Franklin county, etc., and at some time within three years next before the finding of the indictment, are sufficient upon which to convict the defendant."

No objection to this instruction has been made by counsel here, and we see nothing in it that could be the subject of a well-founded objection on the part of the accused.

V. It was objected in the court below that the court erred in so much of the judgment as sentenced defendant to further imprisonment in the penitentiary, after the expiration of the term of one year fixed by the verdict, for the payment of the fine and costs, at one day for each two dollars thereof, should the same not be paid by the time the fixed period of imprisonment expired. *2. Imprisonment for fine and costs applies only to misdemeanors.*

Under the Revised Statutes, before the penitentiary was established, many felonies, as well as misdemeanors, were made punishable by fines, etc. See *Revised Statutes, Criminal Jurisprudence*.

If, on conviction, a fine and costs were not paid, the defendant was committed to jail until they were paid, but might be released under the insolvent act; or the court, or judge, might order him imprisoned for a limited time, in lieu of the fine, etc. *Ib., Criminal Practice, secs. 109, 201*.

By the act of the seventeenth of December, 1838, (*Acts of 1838, p. 121,*) modifying the penal code to correspond with the establishment of a penitentiary, no felony was made punishable by fine, but all felonies were made punishable by imprisonment in the penitentiary or by death; in other

words, the act provided for no fine where imprisonment in the penitentiary was made the punishment for an offense.

So, after the passage of this act, it was in misdemeanors only that persons were subject to imprisonment in jail for fines and costs, under the provisions of the *Revised Statutes*, above cited.

After the passage of the penitentiary act of the seventeenth of December, 1838, the legislature passed as many as seven acts (including the one under which plaintiff in error was indicted) providing for the punishment of particular offenses named in them, by both fines and imprisonment in the penitentiary. (See *Gantt's Digest, pages 336, 342, 348, 351, 356, 367 and 372*.) But in none of these acts, except the slander act (*Gantt's Digest, p. 372*), is there any provision that the person convicted shall be confined in the penitentiary until the fine be paid.

The Code of Practice in Criminal Cases, which went into effect the first of January, 1869, contained two sections providing for imprisonment for fines. The first under the title " JUDGMENT, " *chapter IX, sec. 283,* follows :

" If the punishment of an offense be a fine, the judgment may direct that the defendant be imprisoned until the fine is paid, specifying, however, the extent of imprisonment, which shall not exceed one day for each two dollars of the fine. " *This became sec. 1991, Gantt's Digest, Crim. Pro.*

The second, under the title, " EXECUTION, " *chap. X, sec. 299 (of Cr. Code),* follows:

" The defendant shall not be held in confinement under the execution for a fine, for a longer period than at the rate of one day for each two dollars of the fine ; but such imprisonment shall not discharge the fine, which thereafter can only be collected by proceeding against the defendant's property. But the provisions of this section shall not

apply to judgments in city or police courts, which may be discharged by confinement in the workhouse, according to the provisions of the special statutes regulating them." *This became sec. 2009, of Gantt's Digest, Crim. Pro.*

Neither of the above sections provides, in terms, for imprisonment in the penitentiary for a fine; and the first clause of the first section : " If the punishment of the offense be a *fine,*" and the first clause of the second section : " The defendant shall not be held in confinement for a *fine,* " indicate their application to misdemeanors.

By act of March 25, 1871, it was provided that in all prosecutions in cases less than felonies, in courts of justices of the peace, and in other inferior courts, the prosecutor should give bond for costs, etc., etc. And it was further provided that: " If the accused be convicted, the court rendering the judgment shall, in addition to the fine or imprisonment which it shall impose upon the person convicted, render judgment against such person for all costs accrued in the case; and if such costs are not immediately paid, such convicted person shall, besides undergoing the penalty adjudged against him, be confined in the county jail at the rate of one day for every two dollars adjudged against him for fine and costs, and then the county shall pay the costs of said prosecution." (See *Gantt's Digest, sec. 2020–1–2.*

On the twenty-fourth of March, 1875, the following act was passed :

" That *section nineteen hundred and ninety-one (1991), of Gantt's Digest,* be amended so as to read: ' If the punishment of an offense be a fine,' the judgment shall direct that the defendant be imprisoned until the fine and costs are paid, specifying, however, the extent of imprisonment, which shall not exceed one day for each dollar of the fine and costs." *Acts 1874–5, p. 270.*

By act of March 10, 1877, the last act on the subject, a person convicted of any misdemeanor or petty offense, in any of the courts of this state, and committed to jail in default of payment of fine and costs, is required to discharge the same by manual labor on public works, or be hired out until the fine and costs be paid, at not exceeding one day for each seventy-five cents of the fine and costs. See *Acts of 1877, p. 73.*

In all our penal legislation, when the word imprisonment only is used, it is understood to mean imprisonment in a county jail or local prison, and when the legislature has intended imprisonment in the penitentiary, it has been so expressed.

After a careful review of all the statutes on the subject, our opinion is that the court below erred in so much of the judgment as sentenced plaintiff in error to imprisonment in the penitentiary until the fine and costs were paid.

So much of the judgment as is for one year's imprisonment in the penitentiary as punishment, and for the $1,000 fine and costs, must be affirmed, and so much as is for imprisonment in the penitentiary at $2 per day until the fine and costs are paid, must be reversed.

If the legislature shall deem it good policy and just to imprison persons in the penitentiary for fines and costs, in such felonies as fines may be imposed as part of the punishment, it must be expressly provided for, as was specially done in the slander act. *Gantt's Digest, sec. 1551.*

VI. But the further question is presented, whether this court will render judgment that if the fine and costs be not paid by plaintiff in error before the term of his imprisonment in the penitentiary for the offense of which he was convicted and sentenced shall expire, he be delivered, on the expiration of the term, by the keeper of the peniten-

tiary to the sheriff of Pope county, to be there imprisoned in the county jail for fines and costs, etc.

This can not be done under the act of March 10, 1877, because that act expressly applies to fines and costs in misdemeanors and petty offenses only, and not to felonies.

If we go back of that act to the act of March 24, 1875, above copied, we should have to direct that he be confined in jail for one thousand days for the fine, and a day for each dollar of costs, and that in idleness and at the public expense; for that act makes no provision to put him at labor upon public works, or to hire him out for the payment of the fine and costs, as does the act of March 10, 1877.

Moreover, by the act of the tenth of March, 1877, the legislature seems to have abandoned the former policy of confining persons in jail in idleness, and at the public expense, for fines and costs.

Under the present aspect of the legislation, we shall decline to make any order for his confinement in the county jail for the fine and costs, and leave the state to her remedy by execution against his goods and chattels, lands and tenements, if he has, or may acquire, any.

The clerk of this court will make out and certify to the keeper of the penitentiary, the judgment of this court modifying the judgment of the court below, as above indicated.

### DISSENTING.

EAKIN, J. I concur in sustaining the conviction in this case, and in holding void so much of the sentence as provides that defendant shall be retained in the penitentiary until the fine be paid.

In view, also, of the slight uncertainty of the result of legislation, I think it well to make no specific order for the

delivery of the defendant to the sheriff of his county, after the expiration of his term in the penitentiary. It is not necessary. The duties and powers of the sheriff are prescribed by general provisions of the law ; no orders are required. I do not concur in holding the act of March 24, 1875, to be so far repealed, by implication, that a fine imposed as a part of the punishment in felony, can now be collected only by civil process. The act of the tenth of March, 1877, seems to be confined to misdemeanor, leaving the former act otherwise intact.