WALTON *v.* STATE.

Opinion delivered June 6, 1903.

1. SEDUCTION—CHASTITY OF PROSECUTRIX.—In a prosecution for seduction it is error to refuse to instruct that if the jury had reasonable doubt as to the chastity of the prosecutrix they should acquit, (Page 400.)

2. SAME—INSTRUCTION.—In a prosecution for seduction defendant asked the court to charge that the burden was on the state to show "that such carnal knowledge was had by virtue of an express promise of marriage made to her by defendant, *and that she would not have yielded to his embraces without such promise of marriage.*" The court modified the instruction as asked by striking out the italicized clause. *Held,* no error, as the clause stricken out was covered by the preceding one. (Page 401.)

3. SAME—INDICTMENT.—An indictment for seduction is bad which fails to allege that the prosecutrix was "of previous chaste character." (Page 401.)

4. SAME—CONFLICT OF PRESUMPTIONS.—The presumption in favor of the chastity of the prosecutrix in seduction is overcome by the presumption in favor of defendant's innocence. (Page 402.)

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

STATEMENT BY THE COURT.

The indictment is as follows (after omitting formal part) : "The said James Walton, in the county and state aforesaid, on the 15th day of May, 1901, being a single and unmarried man, unlawfully and feloniously did obtain carnal knowledge of one Julia Robinson, a single and unmarried female, by virtue of a false expressed promise of marriage to her previously made by said James Walton, against the peace," etc.

Appellant demurred to the indictment. His demurrer being overruled, exceptions were saved. After conviction, appellant filed a motion in arrest of judgment, upon the overruling of which ap-

pellant saved exceptions. He was tried upon his plea of not guilty, convicted and appealed to this court.

After conviction the appellant filed a motion in arrest of judgment, which was by the court overruled, to which he excepted. Before the case was submitted to the jury, the defendant's counsel moved the court to give to the jury the following instruction, to-wit: Instruction No. 2. "While Julia Robinson is presumed to have been virtuous at the time of the alleged intercourse, if the jury believe, from the evidence or circumstances, that she was not chaste and virtuous, and did not possess actual personal chastity, or if the jury have reasonable doubt about this, they should acquit."

The only other instruction on reasonable doubt in the case was instruction No. 1, which, as given by the court, is as follows: Instruction No. 1: "The burden is on the state to show beyond reasonable doubt: (1) That the crime was committed in Pulaski county, Arkansas. (2) That it occurred within three years before the finding of the indictment. (3) That the defendant had carnal knowledge of Julia Robinson; and (4) That such carnal knowledge was had by virtue of an express promise of marriage made to her by the defendant, and that she would not have yielded to his embraces without such promise of marriage."

The court refused to give this as asked, but modified it by striking out the words "and she would not have yielded to his embraces without such promise of marriage," to which the defendant excepted.

This was not an instruction that, if the jury had a reasonable doubt on the whole case, which would have included the part of instruction No. 2, refused by the court, "that she (the woman) did not possess actual personal chastity, or if the jury have reasonable doubt about this, they should acquit."

There were other instructions asked and refused, and various questions raised and discussed, some of which are questions for a jury, should the appellant be tried again on this charge, and others of which it is unnecessary for us to discuss.

*F. T. Vaughan,* for appellant.

The indictment must allege every fact which is an element of the crime. 1 Bish. Cr. Pro. (2d ed.) §§ 88, 325. If chastity of female is essential, it must be alleged. *Id.* 519, 529; 21 Am. & Eng. Enc. Law (1 ed.), 1046; 27 Minn. 52; 2 Wharton, Cr. Law (10 ed.),

1757; 13 Ind. 565; 49 Cal. 91; 10 Enc. Pl. & Pr. 483; 38 Ark. 521; 108 Mass. 303; 27 Conn. 319; 120 Ind. 562; 78 Ind. 41; 6 La. Ann. 227; 19 Pik. 305; 119 Mass. 298; 1 Rich. S. C. 179; 3 Gratt. 590; 42 N. W. 933; 44 N. H. 287. The indictment must be broader than the statute. 6 Ark. 523; 10 Ark. 536; 11 Ark. 169; 30 Ark. 497; 36 Ark. 64; 38 Ark. 521; 38 Ark. 563; 43 Ark. 93; 47 Ark. 488. Under certain circumstances the indicement must set up the circumstances of the crime. 1 Bish. Cr. Pro. §§ 282-362-366; Myers, Fed. Dec. vol. 12, § 1433; 53 N. Y. 573; 67 N. Y. 19. The corroborating evidence was insufficient. 40 Ark. 484; 3 N. E. 790; 109 Ia. 641; 93 Va. 815; 16 S. W. 511; 42 N. W. 933; 80 N. Y. 1068; 50 Ia. 317; 81 Ia. 152; 10 S. W. 841; 132 Ind. 219; 4 Minn. 325; 107 N. C. 841; Rice, Cr. Ev. 868-873; 4 Am. Cr. Rep. 562. It was error to refuse instruction No. 1 asked by appellant. 33 Mich. 112; Hughes, Cr. L. § 2162; 1 Am. Cr. Rep. 660; 11 Mich. 278; 57 N. Y. 644; 32 Hun. 58; 26 N. Y. 203; 84 Am. Dec. 177, 1095. It must appear that seduction was had by an unconditional promise of marriage. Underhill, Cr. Ev. § 387; 40 Ark. 485; 16 So. 264; 16 S. W. 97; 9 Am. Cr. Rep. 606; 15 Am. Dec. § 664. The court erred in striking out the words "or if the jury have reasonable doubt about this" in an instruction asked by appellant. Bish. St. Cr. § 648; 1 Wis. 187; 59 Ark. 431; 1 Bish. Cr. Pro. §§ 1053-58; 2 *Ib.* 669-673, 469, 371; Rice, Cr. Law, 870-6, 421-37; 21 Am. & Eng. Enc. Law, 1047; 27 Mich. 134; 1 Wis. 188; 68 Am. Dec. 708; 11 S. E. 856; 40 Ark. 511; Whar. Cr. Ev. §§ 331-2, 719-720; 59 Ark. 379; 51 Ark. 550; 16 S. W. 511; 59 Ark. 431; 84 N. C. 803; 8 Am. Cr. Rep. 483; 42 S. W. 933; 73 Ala. 527; 23 Am. & Eng. Enc. Law, 1047; 24 So. 43. Evidence of reputation of female involved for chastity is not competent. 5 So. 484; 26 N. Y. 203; 5 Ia. 389; 49 Ia. 531; 19 Ark. 143; 2 Wharton Cr. Law (10 ed.), 1757; 1 Wis. 209; 11 S. E. 856; 73 Ala. 527.

*George W. Murphy, Attorney General,* for the State.

HUGHES, J., (after stating the facts). It seems to us so plain that the court erred in refusing to give the second instruction for the defendant that we deem it unnecessary to discuss it. This instruction is that, "while Julia Robinson is presumed to have been virtuous at the time of the alleged intercourse, if the jury believe from the evidence or circumstances that she was not chaste and

virtuous, and did not possess actual personal chastity, or if the jury have reasonable doubt about this, they should acquit."

Actual personal chastity on the part of the woman was necessary to make out the crime of the defendant, and if the jury had a reasonable doubt that she possessed this, they were bound to acquit the defendant. Actual personal chastity on her part was a material element of the crime. *Polk* v. *State,* 40 Ark. 486.

It seems equally clear to this court that there was no prejudicial error committed by the court below in striking out and refusing to give the last clause of instruction No. 1, asked for by the defendant, which is as follows: "And she would not have yielded to defendant's embraces without such promise of marriage."

The court had instructed the jury by instruction No. 3 that, before they could convict the defendant, they must find that such intercourse was had by reason and on account of defendant's promising to marry the girl, who at the time she yielded to his embraces was in possession of actual personal chastity. The last clause of instruction one was covered in effect by the first clause of same, and the court properly struck it out. There was no necessity to repeat what had been given.

Was the indictment sufficient, which is as follows (leaving out the formal parts) to-wit: "That said James Walton, in the county and state aforesaid, on the 15th day of May, 1901, being a single and unmarried man, unlawfully and feloniously did obtain carnal knowledge of one Julia Robinson, a single and unmarried female, by virtue of a false promise of marriage to her previously made, by said James Walton, against the peace and dignity of the state of Arkansas."

Was the judgment of the court correct in refusing to arrest the judgment after conviction on this indictment? Did it state facts constituting a public offense under the laws of Arkansas?

Seduction of a woman is made a crime in most states by statute. It consists in the act of seducing an unmarried female "of previous chaste character," and having sexual intercourse with her by virtue of a feigned or pretended marriage or of any false or feigned express promise of marriage." These are the essential ingredients of seduction, according to our statute. Sec. 1900, Sand. & H. Dig.

Though the statute does not mention that the woman must be "of previous chaste character," it plainly implies it; said this court

in *Polk* v. *State,* in which case the opinion was delivered by Mr. Associate Justice Smith. "The legislature never intended to send a man to the penitentiary for having illicit connection with a prostitute or woman of easy virtue, where she had consented, even under a false promise of marriage. The statute of Michigan also omits the words "of previous chaste character," but it has received the same construction as if they had been there. *Polk* v. *State,* 40 Ark. 486,

It is held that the previous chaste character of the woman before seduction is an element of the crime, and it should be alleged in an indictment for that offense, and unless it is shown the defendant can not be convicted. The elements constituting the offense must be alleged in the indictment, If the statute does not sufficiently set out the facts which constitute the offense, the indictment must do so, and if it fails to do so, it is insufficient, though the offense be alleged in the language of the statute itself, which in ordinary cases is sufficient. 10 Enc. Plead & Prac. 487; *Eubanks* v. *State,* 17 Ala. 183; 1 Bishop, Cr. Proc. §§ 77, 88; *Riggs* v. *State,* 104 Ind. 161, 162; Clark, Cr. Proc. pp. 153, 163; Wharton, Cr, Law, 1757; *Com.* v. *Filburn,* 119 Mass. 298; *Com,* v. *Hampton,* 5 Gratt. 590; *Com.* v. *Stack,* 19 Pick. 305.*

The chastity of the woman before seduction is presumed, but the presumption of chastity may be rebutted, and the presumption of innocence of the defendant overcomes the presumption of chastity. In *McArthur* v. *State,* 59 Ark. 431, it was said by Mr. Associate Justice Riddick delivering the opinion of the court: "We think the court erred also in telling the jury that the presumption was in favor of the chastity of the prosecuting witness, The presumption of virtue in one citizen can not work the condemnation of another, in whose favor, when charged with crime, the law raises the presumption of innocence." It was held in *West* v, *State,* 1 Wis. 187, that the court did not presume, in the absence of testimony, the previous chaste character of the female; such presumption being incompatible with the presumption of innocence of the accused. The court said: "These presumptions are always to be used in the administration of justice as a weapon of defense,

---

* This case overrules *Cheaney* v. *State,* 36 Ark. 74, in so far as that case holds good an indictment similar to that passed on here. Perhaps the case of *Polk* v. *State,* 40 Ark. 482, impliedly overruled the earlier case.   (Rep.)

and not of assault." The chastity of the female is presumed, but may be impeached by proof of immorality or indecorum or her general bad character before seduction, and in rebuttal the state may prove her previous purity by her own testimony or by her general reputation, as held in *Polk* v. *State, supra.* The court erred in overruling the motion in arrest of judgment.

The judgment is reversed, and the cause is remanded for further proceedings.

BUNN, C. J., did not participate.