CALDWELL *v.* STATE.

Opinion delivered December 3, 1904.

1. INDICTMENT—STATUTORY OFFENSE—SUFFICIENCY. — Where a statute does not set out the facts constituting the offense, or where the language of the statute is so general as to include cases which, though within the terms, are not within the spirit or meaning of the act, it will not be sufficient to charge the offense in the words of the statute; but where a statute creates an offense, and sets out the facts which constitute the crime, it is sufficient to charge the offense in the language of the statute. (Page 140.)

2. SEDUCTION—INDICTMENT—CHASTITY OF PROSECUTRIX.—In a prosecution for seduction it is unnecessary for the State to allege or prove the previous chastity of the woman involved. (Page 142.)

Appeal from Lawrence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Affirmed.

STATEMENT BY THE COURT.

Lee Caldwell was in 1899 indicted by the grand jury of Independence County for the crime of seduction. The body of the indictment alleged that in December, 1898, Lee Caldwell, "being a single and unmarried man, unlawfully and feloniously did obtain carnal knowledge of one Dora Reeves, a single and unmarried female, by virtue of a false and feigned express promise of marriage previously made to her by the said Lee Caldwell, against the peace and dignity of the State of Arkansas."

Defendant was tried on this indictment, and convicted of the crime alleged. He appealed, and the judgment of conviction was reversed, and the case remanded for a new trial. Afterwards the venue of the case was, on application of the defendant, transferred to Lawrence County. On the trial there the jury returned the following verdict: "We, the jury, find the defendant guilty of

seduction, and assess his punishment at one year in the peniten-
tiary, and a fine of $130." Defendant filed a motion to set aside
the verdict and for a new trial, which was overruled, and
judgment rendered in accordance with the verdict, from which
judgment defendant appealed.

*W. S. Wright,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

Sand. & H. Dig. § 1900, is directed to the punishment of
"carnal knowledge of any female by virtue of any false or feigned
express promise of marriage," and is not confined to cases of
seduction of chaste females by such means. 97 Mass. 61; 22
Oh. St. 541. The statute is plain, and no resort is needed to out-
side means for its construction. 1 Lewis, Blackst. Com. 59, 60;
48 Ark. 307; 56 Ark. 110; 47 Ark. 404; 46 Ark. 37; 28 Ark.
200; 6 Ark. 9; 2 Pet. 84, 93; 14 Pet. 178; 16 How. 251, 261;
66 Md. 215. The presumption of innocence of the defendant
does not carry with it a presumption that the female was unchaste.
102 Ind. 494; 25 Ind. App. 6; 27 Mich. 134; 90 Va. 820; 93
Va. 815; 97 Va. 766. The presumption is that she was chaste,
and it need not be alleged in the indictment. 72 Miss. 128, s. c.
48 Am. St. 538; 42 Am. St. 492; 25 Oh. St. 542; 118 Ala. 88;
73 Ala. 527; 41 Minn. 41.

RIDDICK, J., (after stating the facts.) This is an appeal from
a judgment convicting the defendant of the crime of seduction.
The first contention on the part of the defendant is that the
indictment is fatally defective for the reason that it fails to allege
that the seduced woman was of previous chaste character. This
raises a question on which there is some conflict in our decisions,
and we have given careful attention to the arguments of counsel
thereon, and will now state our conclusions and some of the
reasons therefor.

The crime of seduction was unknown to the common law.
It rests alone on the statute which in this State provides that
"any person who shall be convicted of obtaining carnal knowl-
edge of any female by virtue of any feigned or pretended mar-
riage, or of any false or feigned express promise of marriage,

shall, on conviction, be imprisoned not exceeding two years in the penitentiary and fined in any sum not exceeding $5,000." Sand. & H. Dig. § 1900.

It will be noticed that, though this statute purports to set out the facts constituting the crime, it makes no reference to the chastity of the female whose character is involved. Now, where a statute does not set out the facts constituting the offense, or where the language of the statute is so general as to include cases which, though within the terms, are not within the spirit or meaning of the act, it will not be sufficient to charge the offense in the words of the statute; but where a statute creates an offense and, as this statute does, sets out the facts which constitute the crime, it is sufficient for an indictment under such statute to charge the offense in the language of the statute. 10 Enc. Plead. & Prac., pp. 483, 487, and cases cited.

In drawing indictments under a statute which creates and defines the offense it is, says Mr. Bishop, best with rare exceptions to follow the exact words of the statute, for "thus all doubt will be avoided, and simply the proof demanded by the law, and no more, will be called for by the indictment." 1 Bishop, New Crim. Proc. § 612. Speaking specially of indictments for the crime of seduction, he says: "In general, it is sufficient to charge this offense in the words of the statute, adding the time and place and the names of persons." Bishop, Stat. Crimes, § 645. These rules are elementary, and have been repeatedly announced in the decisions of this court. *Bodenhamer* v. *State,* 60 Ark. 10; *Putman* v. *State,* 49 Ark. 449; *Cheaney* v. *State,* 36 Ark. 74.

The statute in question here sets out the specific facts which constitute the offense, and the indictment follows the language of the statute, and is sufficiently certain as to time, place and the persons concerned. The indictment would therefore seem on general principles to be sufficient. It is almost an·exact copy of the indictment held to be good in *Cheaney* v. *State,* 36 Ark. 74, where Chief Justice English in disposing of the question as to its sufficiency said: "The indictment alleges, in form substantially good, all the material facts requisite to constitute the crime of seduction by false express promise of marriage under the statute, and the demurrer to it was properly overruled."

This ruling of the court has since been consistently adhered to up to the very recent decision of *Walton* v. *State, 71* Ark. 398. In that case there was evidence tending to show that the woman involved was not of previous chaste character, and the court, following the decision in *Polk* v. *State,* 40 Ark. 486, held that the circuit court erred in refusing to instruct the jury that if they believed that evidence to be true they should acquit. On that point the opinion in the Walton case is in harmony with the previous decisions of this court, and, judged by them, undoubtedly correct. But the opinion of the court in that case went further, and also held that the indictment was insufficient because it did not allege that the seduced woman was of previous chaste character. Now, it will be seen by reference to the opinion that this ruling was based entirely on the previous decision in the Polk case, the effect of which the court took to be that the character of the female is involved in every case of seduction, and that her previous chaste character is an element of the offense which must be alleged and proved. But, though some expressions of Mr. Justice Smith, who delivered the opinion in the Polk case, seem to go to that extent, yet a close reading of the opinion will show that no such question was decided. The sufficiency of the indictment was challenged in that case, but the court overruled the contention, and held the indictment to be sufficient. The indictment is not set out in the report of the case, but, as the language of the opinion is somewhat ambiguous, we have examined the indictment as it appears in the record on file with the clerk, and find that it is almost an exact copy of the indictment in the Cheaney case, from which the indictment here is copied. As the indictment in *Polk* v. *State* was held to be sufficient, though it makes no reference to the previous chastity of the woman, it is plain that the court did not mean to hold that the previous chastity of the woman was an element of the offense such as must be alleged in the indictment.

This is apparent also from the fact that, though the court held in that case that the purpose of the statute was to protect the chastity of virtuous women, and that no conviction could be had when the prosecutrix was a prostitute or woman of easy virtue, it said that in the absence of evidence the chastity of the woman would be presumed. "No evidence," said the court, "is required to establish it in the first instance, and the burden

is on the defendant, if he would assail it, notwithstanding the presumption of his innocence." Now, it is plain that this would not be correct if it was necessary to allege in the indictment that the woman was of previous chaste character, for, if it was necessary to allege chastity, it would be necessary to prove it. Material allegations of that kind in an indictment for felony cannot be proved by presumption, for the defendant is presumed to be innocent until the contrary is shown by proof of the allegations in the indictment. This rule is well established. *McArthur* v. *State*, 59 Ark. 431; *West* v. *State*, 1 Wis. 187; *State* v. *McDaniel*, 84 N. C. 803; *Zabriskie* v. *State*, 43 N. J. L. 640, 39 Am. Rep. 610; *Commonwealth* v. *Whittaker*, 131 Mass. 224; *State* v. *Wenz*, 41 Minn. 196.

But the statement that the burden to show want of chastity rests on the defendant is entirely correct under a statute such as we have here, which makes no reference to the chastity of the woman, and does not require that the State should allege and prove such chastity as an element of the crime, but leaves it for the defendant to prove want of chastity, if he so desires. *State* v. *Curran*, 51 Iowa, 112.

It is never necessary that an indictment should set out or negative mere matters of defense, for it would be impracticable to cover all such matters. For instance, it is not necessary to allege in an indictment for murder that the defendant was sane at the time the act was committed, though it is always understood and implied in statutes prescribing punishments for such crimes that the party accused must have been sane at the time the crime was committed. It is unnecessary to make such an allegation, for the law assumes that men are sane and responsible for their acts, and leaves the burden of showing to the contrary upon those charged with violating it. And so this statute assumes that women are chaste, and imposes on the defendant charged with seduction the burden of showing to the contrary. *Perry* v. *State*, 37 Ark. 54; *Dean* v. *State*, 37 Ark. 57.

This is the theory on which not only the Polk and Cheaney cases were decided, but also the recent case of *Puckett* v. *State*, 71 Ark. 62, where we held that, if there was no evidence tending to show want of chastity, it was not error for the trial court to refuse to instruct the jury that if on the whole case they had a reasonable doubt whether the woman was of previous chaste

character they should acquit. This decision was clearly wrong if the contention of counsel for appellant is correct, that the burden is on the State to allege and prove previous chaste character, for if that was so a failure to make such proof would acquit the defendant.

To adopt the contention of counsel for appellant on this point would be, as we have shown, contrary to the general rule governing indictments for statutory offenses, and also contrary to all the decisions of this court on the point in question, with the exception of the Walton case only. As we have said, the judgment of reversal rendered in that case rested mainly on the right of the defendant to show want of chastity as a defense, and in that respect was in accord with our previous decisions, but what was said as to the sufficiency of the indictment was based on what seems to us now a misconception as to the extent of the decision in *Polk* v. *State,* a misconception which, in view of the language of that decision, it seems to me was quite natural, and which was shared in not only by all the members of the court that decided the case, but by the counsel for both the State and defendant as well. In fact, that was one of those cases which are never very safe as precedents, where there was little or no controversy about the law of the case. That being so, we cannot regard what was said there as authority sufficient to justify us in disregarding, not only all the former decisions, but the plain language of the statute as well. Our conclusion on this point is that on the weight of authority, as well as on correct principles of criminal pleading, the indictment in this case sets out all the facts required by our statute to make a *prima facie* case against the defendant, and is sufficient. *Cheaney* v. *State,* 36 Ark. 74; *State* v. *Curran,* 51 Iowa, 112; *State* v. *Conkright,* 58 Iowa, 338; *People* v. *Fowler,* 88 Cal. 136; Bishop on Stat. Crimes, § 645.

There are many other exceptions saved, but, after due consideration thereof, we are of the opinion that no ground for reversal is shown. The evidence fully sustains the charge, and makes out a clear and convincing case of guilt on the part of the defendant. The prosecuting witness, Dora Reeves, and the defendant lived in the same neighborhood, and were friends. When he commenced to pay special attention to her, she was about 19 and he 23 or 24 years of age. Soon afterwards, on the

30th of September, 1898, he asked her to marry him, and she consented. In December following, by virtue of repeated promises that he would marry her, he induced her to submit to sexual intercourse with him; but when the day set for their marriage arrived, he declined to marry her on the ground that he was not ready. Finding that she was pregnant as the result of her intercourse with the defendant, the prosecuting witness and her mother both pleaded with the defendant to induce him to perform his promise and marry the seduced girl, but in vain. He refused, and she gave birth in September, 1900, to a child, and this prosecution was commenced by the State.

The defendant, who took the stand as a witness in his own behalf, admitted that he had promised to marry the defendant, and the only excuse he gave for not keeping his promise was that she had refused to marry him, and had given him a written statement to that effect. She denied that she had refused to marry or had given him such a writing. As to whether she had signed such a writing, the evidence is conflicting, but it shows beyond question that the failure to marry came about through no fault of the woman, but on account of the defendant's refusal to keep his promise. He had made up his mind not to marry her, and in order to shield himself from prosecution he either forged the writing he introduced in evidence or in some way induced her to sign it. The evidence justified the jury in finding that the defendant deliberately paid court to this young woman, and made her a false promise of marriage in order to obtain her consent to sexual intercourse. The defense set up that she had refused to marry him after she had become pregnant is contradicted by the evidence, and is so unreasonable that we are not surprised that the jury rejected it. Two juries of different counties have found against the defendant, and after a consideration of the whole case we are of the opinion that there was no prejudicial error, and that the judgment should be affirmed, and it is so ordered.

BATTLE, J., dissents.