

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 24, 1965

Honorable R. A. Stallings       Opinion No. C-515
County Attorney
Fort Bend County                Re:  Whether the operator's
Richmond, Texas                      license of a defendant granted
                                     probation under the provisions
                                     of the Misdemeanor Probation
                                     Law of 1965 for the first
                                     offense of driving a motor
                                     vehicle while intoxicated is
Dear Mr. Stallings:                  automatically suspended.

          In your opinion request you ask if a driver's license is
automatically suspended when a person has been convicted of the
misdemeanor offense of driving while intoxicated, first offense,
and has been granted probation under the terms of the Misde-
meanor Probation Law of 1965, Acts 1965, 59th Leg., Ch. 164,
p. 346.  This question presupposes that said Misdemeanor Pro-
bation Law of 1965 applies to driving while intoxicated, first
offense, and that a person convicted of said offense is eligible
for probation under the terms thereof.

          Section 3(a) of said Act provides in part as follows:

               "A defendant who has been found
          guilty of a misdemeanor wherein the
          maximum permissible punishment is by
          confinement in jail or by a fine in
          excess of $200 may be granted proba-
          tion if:

               ". . ." (Emphasis added)

Adherence to the strict letter of this provision would mean that
misdemeanor probation may be granted only where the maximum
permissible punishment is (1) by confinement in jail or (2) by
a fine in excess of $200, and that when both confinement in jail
and a fine are permitted or required, the Act would not apply.

          The purpose of the Misdemeanor Probation Law of 1965 was
to extend the benefits of probation to those persons convicted of
certain misdemeanor offenses.  Heretofore, the benefits of pro-
bation have been available only to those persons convicted of
felony offenses.  Section 3(a) of said Act was put in as a

-2423-

bottom limit for the granting of probation so that probation could only be granted to those persons convicted of misdemeanor offenses of a more serious nature and to prevent our courts from being cluttered with probation requests in mere trivial matters.

If a strict interpretation of this Act is made, however, then we will arrive at an absurd and unjust result. First, Section 3(a) would allow a hiatus from probation for lesser misdemeanor offenses to probation for felony offenses while no probation could be given for more serious misdemeanor offenses. The absurdity of such a strict construction is more apparent in Sections 3(a)(2) and 3(c), for the strict interpretation of these Sections would mean that a person who has previously been convicted of a misdemeanor offense, wherein punishment by confinement in jail only is allowed, would not be eligible for future probation while a person who has previously been convicted of a misdemeanor offense, wherein confinement in jail and a fine of less than $200 is permissible, would be eligible for a probated sentence. Such a result would be one neither intended nor anticipated by the Legislature and should not be attributed to them.

In Magnolia Petroleum Co. v. Walker, 83 S.W. 929, our Supreme Court held:

> ". . .'Where, however, the language of the statute is of doubtful meaning, or where an adherence to the strict letter would lead to injustice, to absurdity, or to contradictory provisions, the duty devolves upon the court of ascertaining the true meaning. If the intentions of the Legislature cannot be discovered, it is the duty of the court to give the statute a reasonable construction, consistent with the general principles of law.' 59 C.J., p. 957, § 569; Empire Gas & Fuel Co. v. State of Texas, supra." (Emphasis added)

We, therefore, hold that the Misdemeanor Probation Law of 1965 applies to all misdemeanors wherein a permissible punishment upon conviction is: (1) by confinement in jail; (2) by a fine in excess of $200; (3) by confinement in jail plus a fine of any amount.

We are further supported in our conclusion by the recent decision of the Supreme Court of Texas in Sweeny Hospital District v. Carr, 378 S.W.2d 40 (Tex. Sup. 1964):

Hon. R. A. Stallings, page 3 (C-515)

> "The courts of this state have
> on occasion added words or phrases to
> statutes when necessary to give effect
> to legislative intent, . . ."

Section 4(a) of the Misdemeanor Probation Law of 1965 is clear and unambiguous. It states:

> "When a defendant is granted pro-
> bation under the terms of this Act,
> the finding of guilty does not become
> final, nor may the court render judg-
> ment thereon, except as provided in
> Section 6 of this Act." (Emphasis
> added)

Article 6687b, Section 24(a)2, V.C.S., provides for the automatic suspension of the license of any person upon final conviction of driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs.

Since the probated judgment is not a final conviction, the driver's license is not automatically suspended.

Section 6(b) provides:

> "On the date the probation is
> revoked, the finding of guilty becomes
> final and the court shall render judg-
> ment thereon against the defendant...."

In the event that probation is revoked and the judgment becomes final in accordance with this provision, the driver's license is automatically suspended at such time.

We are not unmindful of the provision of Article 6687b, Section 25(c), V.C.S., which reads as follows:

> "For the purpose of this Act, the
> term 'conviction' shall mean a final
> conviction. Also, for the purpose of
> this Act, a forfeiture of bail or collateral
> deposited to secure a defendant's appearance
> in court, which forfeiture has not been
> vacated, shall be equivalent to a conviction.
>
> "Provided, however, that in case of
> conviction for any of the offenses enumerated
> in paragraph (a) of Section 24 of this Act,

-2425-

and the sentence of the court having been suspended as provided in the Statutes, such suspended sentence shall not mitigate against the suspension of the operator's, commercial operator's, or chauffeur's license of the person convicted." (Emphasis added)

It is well settled that there is no sentence in a misdemeanor case. Since this proviso applies only where the sentence of the court is suspended, it has no application to a misdemeanor case.

### S U M M A R Y

A driver's license is not automatically suspended when a person is convicted of driving while intoxicated, first offense, and placed on probation under the terms of the Misdemeanor Probation Law of 1965.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Robert E. Owen
Robert E. Owen
Assistant Attorney General

REO:sss

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Schultz
John Banks
Robert W. Norris
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright